Louis BANKS et al., Appellants,

v.

Lorene Stockman CRAWFORD et al., Appellees.

No. 13417.

Court of Civil Appeals of Texas. Houston.

Dec. 3, 1959.

Rehearing Denied Dec. 23, 1959.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, Clyde Gordon, Jr., Houston, for appellants.

Jerome Pope, Odessa, James Turner, Mabry & Donalson, Houston, for appellees.

WERLEIN, Justice.

This is an appeal from a judgment in a bill of review proceeding refusing to set aside a default judgment taken by Lorene Stockman Crawford against appellant, Louis Banks, on June 30, 1958. The case was tried to the court without the intervention of a jury. The court made its findings of fact and conclusions of law.

Appellants assert that the court erred (1) in finding that no answer was filed in the original suit in which the default judgment was taken, on answer date June 30, 1958, by 10 o'clock a. m., (2) in finding that appellees' attorney had no knowledge, actual or constructive, that an answer had been filed prior to entry of judgment, and (3) in concluding that the evidence was in-

sufficient to sustain a finding of extrinsic fraud whereupon relief sought by appellants could be granted.

There is no assignment that the findings complained of are against the great weight and preponderance of the evidence. The question is, therefore, whether there is any evidence justifying the court's findings and conclusion of law.

Mrs. Brown, Deputy District Clerk, testified that it was her duty to open the mail received in the office of the District Clerk and distribute it to the various departments and that it required approximately one hour to sort the mail; that appellant's answer shows that it was filed June 30 at 11:10 a. m., 1958; that the first mail usually reached the District Clerk's office between a quarter of nine and 9:30; that she couldn't say the answer had been received before 9:30; that the second mail delivery was between 11:30 and 12:00; that she could not testify that the answer didn't come in the second delivery; that she couldn't swear whether the answer came into the District Clerk's office before 10:00 o'clock or after 10:00 o'clock. To a question asked by the court, she answered that she could not testify as to whether at any time during the summer the second morning delivery of mail arrived as early as 11:10.

Appellee's attorney, who took the default judgment, testified that he didn't remember the exact time the default judgment was taken but it was some good little bit after 10:00 o'clock, and that he would say it was in the vicinity of 10:30 or 10:45; that he went back up to the court room at about 10:00 o'clock and he again checked the papers of the case to determine whether an answer had been filed; that he checked a little after 10:00 o'clock up in the District Clerk's office and the Judge's clerk, Miss Love, made a phone call to determine whether or not an answer had been filed; that she talked with Judge Boyd who later entered the default judgment and informed him that an answer had not been filed in the case. When asked whether he

actually knew that the answer showing the file mark of 11:10 a. m. was not filed until that time, he testified that he did; that he made certain of that; that he was positive that it was not filed before the judgment was taken; and that he knew of his own knowledge that the answer was not in the hands of the District Clerk or received in that office until 11:10 a. m. on June 30 because he was informed by the Clerk that there was a morning mail that had been put in the compartment there in the intervening time that he was in there and there were about three or four blue-backed instruments in Miss Love's compartment and the answer in question was not among them.

Mr. Gordon, who prepared the answer, testified that he mailed the letter with the answer to the District Clerk on June 28, 1958, and sent a copy thereof to opposing counsel; that he had no knowledge of the judgment having been taken until the date execution was gotten out on it; that he checked the file mark on the letter which accompanied the answer and it showed that it was filed June 30 at 11:10 a. m. It was shown that the copy of the letter addressed to appellee's attorney was postmarked "Bellaire, Texas, June 30, 4:30 a. m., 1958."

■ Appellants contend that it was the duty of appellee's attorney to send Mr. Gordon a copy of the default judgment, and that if he had received a copy thereof, he would have filed a motion for new trial which would have been granted, and further that Rule 72, Texas Rules of Civil Procedure, required that appellee's attorney mail to opposing counsel a copy of such judgment. Rule 72 does not so provide. It merely applies to the filing of a pleading, plea or motion of any character which is not by law or by the rules required to be served on the adverse party.

■ Appellant also contends that the evidence is conclusive that the answer was in the office of the District Clerk at 10:00 o'clock a. m. and that such evidence is undisputed. We do not agree. True, the

file mark "11:10 a. m." is not conclusive as to the actual time the instrument was received in the Clerk's office. The courts have held that an instrument is regarded as filed when it is placed in the custody of the Clerk of the court for filing. Newsom v. Boyd, Tex.Civ.App., Galveston 1947, 203 S.W.2d 874, and authorities cited.

In asserting that the evidence shows that the answer was in the custody of the Clerk by 10:00 o'clock a. m. on answer date, appellant is relying on circumstantial evidence based upon what would normally occur. Opposed to this, is the direct and positive testimony of appellee's attorney, who testified he checked the records and also had the Judge's clerk do so, and that he was positive the answer in question was not filed before the judgment was taken and that he knew of his own knowledge that the answer was not received in the Clerk's office until 11:10 a. m. This testimony constitutes evidence of probative force that warranted the court in finding that no answer was filed in the office of the District Clerk on answer date by 10:00 o'clock a. m.; and also in finding that appellee's attorney had knowledge, actual and constructive, subsequent to the taking of said judgment, that an answer had been filed subsequent to but not prior to the entry of the judgment in question.

■ The law is well settled that when a case has been tried without a jury the court's findings of fact have the same force and effect as a jury verdict on facts found, and such findings will not be disturbed if supported by some evidence of probative force. In determining whether there is any evidence to support such findings the reviewing court will indulge every legitimate conclusion which is favorable thereto. Carpenters and Joiners Union, etc. v. Ritter's Cafe, Tex.Civ.App., 149 S.W.2d 694; National Surety Co. v. Roberts, Tex.Civ. App., 217 S.W.2d 894; Dixie Distributors v. Lane, Tex.Civ.App., 211 S.W.2d 581, ref., n. r. e.

■ We have carefully examined the record and find no evidence of any extrinsic fraud on the part of appellee's counsel, or appellee, which prevented appellant from filing his answer timely and making his defense. The attorney who filed the answer, when asked whether there was any fraud involved which prevented him from filing his answer timely, answered there was no fraud.

■ Appellant contends, however, that appellee's failure to send Banks' attorney a copy of the default judgment prevented him from filing a motion for new trial which, they say, would likely have been granted, and that such conduct on the part of appellee's attorney amounted to fraud. Since appellee's attorney was under no duty to furnish said appellant a copy of the default judgment, or notify him thereof, his failure to do so did not constitute fraud nor make him responsible for appellant's failure to apply for a new trial. Furthermore, the evidence shows that the attorney who mailed the answer to the District Clerk later checked the transmittal letter which the Clerk returned to him and ascertained therefrom that the answer had not been filed until 11:10 a. m. Thus he had knowledge of the possibility that a default judgment might have been taken. Then, too, appellant Banks, being a party to the proceedings, was charged with notice of all orders and judgments made therein. J. M. West Lumber Co. v. Lyon, 1909, 53 Tex. Civ.App. 648, 116 S.W. 652, error ref.

We think the Court was warranted in its conclusion of law that the evidence presented to the Court was insufficient to sustain a finding of extrinsic fraud that would permit granting the relief sought by appellants. Alexander v. Hagedorn, 1950, 148 Tex. 565, 226 S.W.2d 996; Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94.

The judgment of the Trial Court is affirmed.