**A. R. STOWE, Appellant,**

v.

**CITY OF CORPUS CHRISTI et al.,**
Appellees.

No. 3719.

Court of Civil Appeals of Texas.
Eastland.

May 25, 1962.

Rehearing Denied June 22, 1962.

Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

I. M. Singer, City Atty., Corpus Christi, for appellees.

WALTER, Justice.

This is an appeal by A. R. Stowe, a suspended policeman, from a summary judgment in favor of the City of Corpus Christi.

The evidence reveals that police officers of the City of Corpus Christi were on routine patrol on the night of February 24, 1959, when they saw officer Stowe emerging from the Village Liquor Store. Stowe was a police officer for the City of Corpus Christi but was not on duty. When Stowe saw the police car, he ran to his automobile which was in front of the liquor store. He was carrying approximately ten bottles of liquor at the time; he put the bottles in the front seat of his automobile, closed the door and started walking toward the police car. Stowe was unsteady on his feet, in a sloppy condition and very wet; his breath smelled very strongly of alcoholic beverages and his speech was slurred.

The first thing that Stowe said to the officers was, "you finally got me" or words to that effect. When asked how he broke the glass in the liquor store, officer Stowe replied that he did it with a jack he had in the trunk of the car. He then showed the jack to the officers.

A disciplinary suspension was filed against officer Stowe on the 25th of February, 1959, at 7:00 p. m. Thereafter, on February 28, 1959, officer Stowe was indefinitely suspended by the Chief of Police, under Section 16 of Article 1269m. Within 120 hours after the indefinite suspension, the Chief of Police filed with the Civil Service Commission a written statement giving the reasons for such suspension; said written statement was filed with the Commission on March 4, 1959, at 5:23 p. m. The Chief of Police delivered a copy of the written charges to Stowe on March 4, 1959, at 3:45 p. m.

The Civil Service Commission had a public hearing after which they concluded that Stowe had violated certain of the firemen and policemen's Civil Service Commission rules. The Commission's judgment specifically found that Stowe had violated Rules Nos. 417, 418 and 419, of the rules and regulations of the police division of the City of Corpus Christi, Texas, and became subject to discharge under Par. D, E, F, I and P of Sec. 5, Art. 14 of the Rules and Regulations of the Civil Service Commission. The charge filed with the Civil Service Commission satisfied Sec. 1269m by specifically setting forth the acts that Stowe committed which the Chief of Police contended were in violation of the Civil Service rule. The Commission denied Stowe's appeal from the Chief of Police's order of indefinite suspension. Stowe appealed. The court granted a summary judgment in favor of the City and denied Stowe's motion for summary judgment.

Stowe has appealed and contends the court erred in granting the City's motion for summary judgment because (1) the

court misapplied the substantial evidence rule, (2) the City failed to discharge its burden of proof under Rule 166–A, T.R.C. P., (3) the City did not introduce substantial evidence or any evidence before the trial court to support the findings of the Commission as to the time of Stowe's suspension and whether or not charges were filed within 120 hours as required by Art. 1269m, V.A.T.S., (4) the judgment of the Commission fails to make a finding that Stowe was guilty of the violation of the Civil Service rules, (5) there is an absence of substantial evidence before the trial court to support the finding of the Commission as to the guilt of Stowe, and (6) in failing to grant Stowe's motion for summary judgment.

Stowe filed a mandamus action against the Civil Service Commission and the Chief of Police of Corpus Christi to reinstate him as a policeman and to restrain the Commission and the Chief from acting on certain charges against him. The court dismissed the mandamus action but granted him a temporary injunction against the Commission and the Chief pending the appeal. Both parties appealed from such judgment. The Court of Civil Appeals at San Antonio in the case of Corpus Christi v. Stowe, 338 S.W.2d 767 (No Writ History) held that jurisdiction to determine the fact issues presented by Stowe's petition for mandamus rested primarily in the Civil Service Commission, with right of appeal to the court after final decision of the Commission. The court sustained the judgment, dismissed the suit and held that it was not necessary to pass on the injunction matter. The court also passed upon one question that is involved in this appeal. Sec. 16 of Art. 1269m provides that the officer, filing the order of suspension, shall within 120 hours thereafter file a written statement with the Commission, giving the reasons for such suspension and "immediately furnish a copy thereof to the officer or employee affected by such act." The copy of the charges were delivered to the officer approximately an hour and a half before they were filed with the Commission. Stowe contends this irregularity in service is not a substantial compliance with the statute and renders the proceedings of the Commission null and void. Justice Barrow held that if a copy of the charges were delivered to Stowe either before or at the time of filing, such delivery would be a compliance with the statute.

■■ The City filed a motion for summary judgment and submitted affidavits in support of its motion. Stowe filed a motion for summary judgment and also submitted affidavits and other evidence in support of his motion for summary judgment. One of the basic duties of the court hearing a motion for summary judgment is to determine if there is any issue of fact to be tried, not weigh the evidence or try the issues. See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; in the case of Webster v. Webster, Tex.Civ.App., 293 S.W.2d 820 the court said: "in a summary judgment proceeding, credence will be given to testimony most favorable to the party against whom the judgment is sought and evidence to the contrary will be disregarded."

Stowe contends he was suspended on February 25, 1959, and if his contention is correct, the City failed to file written charges against him within 120 hours required by the statute. The City contends that the Chief of Police gave Stowe a disciplinary suspension on February 25, 1959, but not an indefinite suspension. The City contends the indefinite suspension was entered on February 28, 1959, and that the written charges were delivered to Stowe within the time provided for by the statute.

Our Supreme Court in the case of Southern Canal Company v. State Board of Water Engineers et al., 159 Tex. 227, 318 S.W.2d 619, on the subject of substantial evidence said:

"The type of trial referred to differs in important particulars from the trial of a suit to review the reason-

ableness of an order or a decision, rule, or regulation of an administrative agency, although the latter type of suit is also held to be a type of de novo trial in that the evidence is heard anew and the reasonableness of the agency's action is independently adjudged by the court on the basis of evidence admitted in the judicial proceeding. (Cases cited) This latter type of trial has come to be known as a trial under the substantial evidence rule. The major side effects of a trial under the substantial evidence rule are that the only issue to be decided is one of law and trial of the fact issues by a judge or jury is avoided."

We hold that the record reveals that the order of the Civil Service Commission was reasonably supported by substantial evidence.

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.