Jack H. OSBORNE, Appellant,

v.

W. H. DEAN, Appellee.

No. 7168.

Court of Civil Appeals of Texas.

Amarillo.

June 18, 1962.

Rehearing Denied Sept. 4, 1962.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

W. T. Link, Clarendon, for appellee.

CHAPMAN, Justice.

This is a summary judgment case. W. H. Dean, plaintiff below, appellee here, brought suit against appellant, Jack Osborne, to recover upon a promissory note, alleging the note was executed by Osborne and that he purchased it for a valuable consideration before its maturity. Osborne admitted execution of the note, denied that Dean had purchased it before maturity, and alleged that in fact he actually purchased it after its maturity and with knowledge of defenses against it.

Dean filed his Motion for Summary Judgment, which was answered under oath by Osborne in Defendant's Original Answer to Plaintiff's Motion for Summary Judgment. In such answer he swore that "he has a meritorious defense to this cause of action * * * in that plaintiff is not a bona fide holder of the note in suit, but received the note in bad faith and after its maturity and with expressed or implied notice that defendant was * * * entitled to credits (offsets) on said note by reason of the sale or conversion of certain oil field equipment by the original payee of the note, * * * as is more fully evidenced by the defendant's affidavit which is attached hereto and marked Exhibit "B"

and incorporated herein by reference for all intents and purposes." In his oath he swore he had read the answer, that every statement and allegation thereof was true, that the statements therein were made on his personal knowledge and that he is competent to testify as to the matters stated therein.

In the affidavit of appellant he elaborated on his answer, in which he swore in effect that approximately eight months after the due date of the note appellee called him by telephone, told him he was considering taking the note in controversy in on a deal and wanted to know about it; that he (Osborne) advised Dean that the note was given to Pat Slavin to secure the payment price of oil field equipment, that Slavin had sold or converted the equipment for which the note was executed for his own use and that Dean replied, "Well, I had better look for my money some place else."

As part of his "evidence" and in support of his motion appellee tendered supporting affidavits of Pat Slavin and Pete Knapp to the effect that the note was sold and delivered to Dean before maturity for valuable consideration and that Osborne never denied owing the note. Osborne's deposition taken by appellee was also tendered, in which he admitted signing the note on the date sworn, that it was in the amount agreed upon and that he delivered it to Slavin. What we have briefly outlined was the substance of the material pleadings, affidavits and deposition the trial court had before it from which the judgment was summarily rendered for appellee on the note.

■ Considerable contention is made by the appellant to the effect that the motion for summary judgment and the supporting affidavits failed to show affirmatively that same were made on personal knowledge of the affiants and that they were competent to testify to the matters stated therein, as required by Rule 166–A. Though we believe a more strict compliance with the stated rule would be better form we hold the affidavits on their faces show they were made on personal knowledge of the affiants and that they were competent to testify to the material matters stated therein. Our Supreme Court through Justice Steakley has recently, and very properly held that a motion for summary judgment without supporting affidavits and depositions was insufficient which stated "that the drivers of all vehicles involved were and are joint tort-feasors." Box v. Bates, Tex., 346 S.W. 2d 317. Such statement was clearly a legal conclusion that could not be testified to on the trial of the case in such language. To the contrary the supporting affidavits of Slavin and Knapp show on their faces their personal knowledge of the material matters to which they affirm and show to be such that they could testify to them on the trial of the case on its merits. This being true we must, therefore, determine if appellant's affidavit raises a genuine issue of fact contradicting such affidavits. Rule 166–A, Vernon's Ann. Texas Rule.

■ A careful study of appellant's defenses hereinabove outlined compels us to the conclusion that, implicit in his sworn affidavit are genuine issues of fact rendering premature any final disposition thereof by summary proceedings. The telephone conversation related in the affidavit, if true, raises a question of whether Dean purchased the note before maturity and without notice of defenses. If the note was given for the purchase price of oil field equipment from Slavin, that he had sold or converted to his own use then we believe it requires no citation of authority for us to say that the maker of the note clearly had a defense to it against the payee in the note. According to the affidavit such was the case and Dean still had not purchased the note at the time of the conversation some eight months after maturity, and was advised of such defenses.

"The duty of the court hearing the motion for summary judgment is to determine if there are any issues to be tried, and not to weigh the evidence or to determine its credibility, and thus try the case of the af-

**552**

fidavits." Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931. (Sup.Ct.)

A large percentage of the cases reaching us from summary judgments granted by the trial courts are cases we cannot affirm because of the exceptional burdens that must be borne by those seeking to sustain judgments summarily granted.

Resort to the remedy of summary judgment where there is any doubt is futile because of the abundance of authority to the effect that all doubts must be resolved against the moving party, the practice must be exercised with great caution, and litigants must be accorded the right to final trial if there is the slightest doubt as to the existence of a fact issue. Rule 166–A can be made to fulfill its purpose if it is invoked only in appropriate cases, and these are just not very numerous. Penn v. Garabed Gulbenkian, Tex.Civ.App., 243 S.W.2d 220, 223. (Affirmed, Gulbenkian v. Penn. 151 Tex. 412, 252 S.W.2d 929.)

Accordingly, the judgment of the trial court is reversed and remanded for a trial on its merits.