Clarence A. DORMAN, Appellant,

v.

Frank J. MALLOY, Appellee.

No. 6859.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 20, 1966.

Rehearing Denied Nov. 9, 1966.

John L. Fulbright, Beaumont, for appellant.

DeLange, Hudspeth, Pitman & Katz, Houston, Louis Dugas, Jr., Orange, for appellee.

HIGHTOWER, Chief Justice.

Appellee, Frank J. Malloy, brought this action against the appellant, Clarence A. Dorman, for an injunction enjoining him from removing a fence situated on a portion of the property in controversy. Appellant counterclaimed for partition alleging that the parties hereto were co-tenants in the property. The appellee answered such cross-action by a general denial, a plea of

"not guilty", and by setting up the various statutes of limitation, claiming to be sole owner of the property described in such answer and cross-action. Appellee filed motion for summary judgment setting up his claim under the ten year statute which motion was supported by affidavits of himself and his predecessor in title, as well as excerpts from the deposition of appellant. Appellant filed answers aforesaid and his affidavit along the lines suggested by his answer in denying appellee's claims.

■ Was there a fact issue as to adverse possession raised by the instruments above mentioned? We hold that there was and that the judgment in favor of appellee must be reversed. Appellee's sworn motion for judgment and attached affidavits set out all the necessary requirements of Articles 5510, 5514 and 5515, Vernon's Ann.Civ.St., to establish a claim of peaceable adverse possession under the ten year statute. In reply, appellant's affidavit alleged, among other things, that he was owner of an undivided interest in the property in controversy and that neither appellee nor his predecessor in title had ever claimed any of the property adversely to him or his predecessor in title until recently, thus raising a fact issue which was not the province of the trial court to decide under motion for summary judgment.

■ Although the excerpts from appellant's deposition can be construed as indicating that he had received notice of the nature of appellee's adverse claim and a repudiation of his alleged co-tenancy, if any, at a time well in excess of ten years prior to the institution of this action, such deposition was not binding upon him. It could be repudiated or contradicted on trial of the case, as it was properly contradicted in his affidavit aforesaid. As stated by Chief Justice W. O. Murray of the San Antonio Court in City of Corpus Christi v. Mc-Carver, Tex.Civ.App., 253 S.W.2d 456:

"* * * Ordinarily parties are entitled to cross-examine witnesses and test their opportunity to know what they profess to know, * * * It was never the intention of the summary judgment provision, Rule 166–A, T.R.C.P., to permit a party to establish his case by ex parte affidavits and thus permit his witnesses to escape cross-examination. Neither was it intended that a summary judgment hearing should become a battle of affidavits. It is only where it is shown that no genuine issue of fact exists in a case, that a summary judgment is proper."

Appellant's affidavit alone raised an issuable question of fact as to appellee's claim. It was not the trial judge's prerogative to determine the credibility of his statements in his deposition or his affidavit.

"Resort to the remedy of summary judgment where there is any doubt is futile because of the abundance of authority to the effect that all doubts must be resolved against the moving party, the practice must be exercised with great caution, and litigants must be accorded the right to final trial if there is the slightest doubt as to the existence of a fact issue. Rule 166–A can be made to fulfill its purpose if it is invoked only in appropriate cases, and these are just not very numerous. Penn v. Garabed Gulbenkian, Tex.Civ.App., 243 S.W.2d 220, 223. (Affirmed, Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.)" Osborne v. Dean, Tex.Civ.App., 359 S.W.2d 550.

Judgment reversed and remanded.