**REPUBLIC HEATER COMPANY, a Division of Briggs Manufacturing Company, Appellant,**

v.

**FIRST–WICHITA NATIONAL BANK OF WICHITA FALLS, Appellee.**

No. 17173.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 12, 1971.

Rehearing Denied April 9, 1971.

Irion, Cain, Magee & Davis, Don W. Davis, and Tedford E. Kimbell, Dallas, for appellant.

Nelson, Montgomery & Robertson, and Charles B. Russell, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal from a summary judgment rendered in favor of the defendant, The First-Wichita National Bank of Wichita Falls, decreeing that the plaintiff, Republic Heater Company, take nothing from the defendant Bank.

The plaintiff had sued one Ken Solesbee for $7,780.00 which was the price of 200 hot water heaters that plaintiff had sold to Solesbee.

In that same petition (paragraphs 6 and 7) plaintiff had alleged a cause of action against the Bank for damages for fraud and deceit.

In connection with the summary judgment hearing the trial court severed the case against Solesbee from the case the plaintiff pleaded against the Bank. He then rendered the summary judgment in favor of the Bank and the plaintiff's case against Solesbee still pends.

Depositions of Mr. Solesbee, Mr. Flack, a Vice-President of the Bank, and Mr. Schneeberg, Credit Manager of the Heater Company, constituted the evidence at the summary judgment hearing on which the trial court decided the case.

There was some evidence to the following effect in those depositions: Mr. Soles-bee was in the wholesale plumbing supply business; in late August, 1969, he ordered from plaintiff 200 hot water heaters for a total price of $7,780.00; Solesbee had previously placed smaller orders with plaintiff and because Solesbee had been slow in paying for such orders, the plaintiff's credit manager, Mr. Schneeberg, would not sell or ship the heaters in question to him unless definite arrangements were made for payment; Solesbee asked Schneeberg to call Mr. Flack at the Bank and this was done; Schneeberg asked Mr. Flack to put into writing what Flack had told him over the phone and Flack, as Vice-President of defendant Bank, then wrote to plaintiff the following letter:

"September 29, 1969

"Mr. William H. Schneeberg

"Republic Heater Company

"Division of Briggs Manufacturing Co.

"1400 West Commerce

"Dallas, Texas 75208

"Dear Mr. Schneeberg:

"This refers to a recent order placed with your company by Ken Solesbee Supply Company for 200 hot water heaters.

"In all probability, Mr. Solesbee will be able to pay for these heaters without any assistance from our bank. However, this is to advise you that Mr. Solesbee has made the necessary arangements to secure the money from our bank to pay for this order of heaters if he needs additional funds.

"Sincerely,

"Al Flack, Jr.

"Vice President"

Evidence at that hearing further showed: upon receiving the letter from the Bank and in reliance thereon plaintiff approved Solesbee's order and shipped the heaters to him; plaintiff would not have filled the order if it had not been for Mr. Flack's letter; Mr. Flack was a Vice-President of the Bank and had for some time handled Soles-

bee's dealings and loans at the Bank; Solesbee went out of business in about December, 1969, and from that time on the Bank would not loan him money with which to pay this bill; the money that Solesbee got from a sale of these heaters was used by him to pay off a debt that he owed to defendant Bank; Solesbee is now working for others for a salary; plaintiff has asked him several times to pay for the heaters; the bill for them is now past due and is unpaid; and when Solesbee wrote the check to the Bank and paid off his debt to them in December, 1969, shortly before he closed down, this check practically depleted the funds in his account; and the reason Solesbee closed his business was because of a lack of operating capital.

Flack testified in substance as follows: that the letter in question fairly reflects the assurances he gave Schneeberg; that he understood that the Heater Company was not going to give Solesbee open account credit on those 200 heaters; that when Solesbee first mentioned the heater transaction to him Flack told him that if he needed a small additional amount when it came time to pay for the heaters that the Bank would loan it to him; and that the Bank has never yet loaned Solesbee the money with which to pay for the heaters.

The following is a part of the testimony Solesbee gave when testifying on the question of whether or not he ever actually made the necessary arrangements with the Bank to get the money from them with which to pay for the hot water heaters:

"Q. Other than your conversation with him (reference is to Mr. Flack) in which you told him that you wanted to order two hundred water heaters from Republic and that Republic might be calling him, did you make any arrangements to get that money to pay for those heaters?

"A. No, I made no arrangements at all other than our conversation.

"Q. Did he ever agree to loan you the money to pay for these heaters?

"A. I don't think so in so many words. His conversation was with Mr. Schneeberg, not with me."

Plaintiff's pleading relating to this fraud count was in part as follows:

"That the Defendant Bank in voluntarily writing the letter attached to this petition as Exhibit A made false or negligent representations concerning a material matter under the circumstances as set out in Paragraph 6; that said representations were untrue and misleading; that the Plaintiff was induced to enter into the transaction made the basis of this lawsuit by these representations; that the Plaintiff was unaware of their falsity; that the facts set out in Paragraph 6 show the right of this Plaintiff to rely on said representation and the fact that it did rely thereon and was deceived and damaged thereby; Defendant Bank by the act of voluntarily writing such a letter committed fraud and deceit against this Plaintiff, by which the Plaintiff was damaged as set out in Paragraph 6 above."

The elements of an actionable fraud case are: (1) a false representation of a material fact; (2) reliance thereon by a person entitled to rely thereon; and (3) resulting injury. First State Bank of Corpus Christi v. Von Boeckmann-Jones Co., 359 S.W.2d 171 (Austin Tex.Civ.App., 1962, no writ hist.); Morgan v. Box, 449 S.W.2d 499 (Dallas Tex.Civ.App., 1969, no writ hist.).

The burden was on the moving party (the Bank here) at the summary judgment hearing to establish as a matter of law that one or more of the essential elements of the fraud case pleaded by plaintiff were not present. The Bank had the burden of showing that under the facts established as a matter of law at the summary judgment hearing it was entitled to the judgment sought. Seale v. Muse, 352 S.W.2d 534 (Dallas Tex.Civ.App., 1961, ref., n. r. e.), and Neigut v. McFadden, 257 S.W.2d 864 (El Paso Tex.Civ.App., 1953, ref., n. r. e.). The following is from the opinion in this

last case at page 868: "A defendant moving for a summary judgment in order to prevail assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him."

We hold that the Bank did not discharge its burden in this case and that the trial court erred in granting a summary judgment in favor of the Bank.

The letter from the Bank to plaintiff, Heater Company, stated: "* * * this is to advise you that Mr. Solesbee has made the necessary arrangements to secure the money from our bank to pay for this order of heaters if he needs additional funds."

This was a representation of a material fact under the circumstances of this case. There is considerable evidence that plaintiff relied on this representation and was thereby induced to sell the 200 water heaters to Solesbee on open account credit.

The evidence which we have heretofore quoted verbatim from the deposition of Mr. Solesbee was sufficient to at least create a fact issue as to whether or not the Bank's representation of fact was false. In other words, that quoted testimony could be construed to mean that Solesbee had not prior to that time made necessary arrangements with the Bank to secure the money from the Bank with which to pay for the heaters.

We recognize that a reading of Mr. Solesbee's entire deposition leaves the reader in doubt as to just what did transpire between him and Mr. Flack about arrangements, if any, to get the money from the Bank to pay for these heaters. He gave other testimony that tends to conflict to some extent with his testimony that is hereinabove quoted.

Where the testimony of one witness is conflicting on a given point, such testimony creates a fact issue on that point to be determined by the fact finder in the case. The same situation exists where the testimony of different witnesses is in conflict on a given point. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 (1952), and Durham v. I. C. T. Insurance Co., 283 S.W.2d 413 (Dallas Tex.Civ.App., 1955, writ dism.).

In this case where the witness' testimony on the issue was conflicting, it was the duty of the trial court in determining whether or not the truth or falsity of the representation was established as a matter of law, to give credence to that part of his testimony that was most favorable to the plaintiff (the non-moving party) on the issue in question and to completely disregard all evidence that is in the record on the issue that is to the contrary. Stowe v. City of Corpus Christi, 358 S.W.2d 409 (Eastland Tex.Civ.App., 1962, writ ref., n. r. e.); Webster v. Webster, 293 S.W.2d 820 (Dallas Tex.Civ.App., 1956, writ ref., n. r. e.); Powell v. Associates Investment Company, 380 S.W.2d 774 (Eastland Tex. Civ.App., 1964, no writ hist.); and 45 Tex. Jur.2d 660, note 7. The Supreme Court states the rule as follows: "All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true." Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup., 1969) and Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup., 1965).

When these rules are applied in this case, we are convinced that a fact issue existed under the evidence presented to the trial court as to whether or not the representation in question was false.

Most of the evidence offered at the hearing on the issue of whether or not the Heater Company sustained damage by relying on the representation is heretofore referred to in this opinion. To say the least, such evidence did not conclusively show that plaintiff sustained no damage by relying on such representation.

The following is from 45 Tex.Jur.2d 636: "* * * summary judgment proceedings are to be conducted with great caution, and such a judgment should be granted only where it appears with reasonable certainty that there is no genuine issue

of fact in the case. Intendments and implications in aid of a showing on a summary judgment hearing should be cautiously indulged and, in case of doubt, resolved against granting the judgment."

We hold that the defendant, Bank, did not meet its burden of showing as a matter of law at the hearing that the plaintiff had no cause of action against it.

If the case against Solesbee has not already been disposed of, we suggest that the trial court reconsolidate it with this case, so that there will be no danger, in the event plaintiff is successful against both defendants in the trial court, of plaintiff collecting the sum in question twice.

Judgment is reversed and remanded for trial on the merits.

## OPINION ON MOTION FOR REHEARING

One proposition is advanced, we believe for the first time in this case, in the Bank's motion for rehearing.

It there urges that the alleged misrepresentation that forms the basis of Republic's fraud action against the Bank was a gratuitous statement made by the Bank in regard to a transaction between Republic and a third party (Solesbee), in which the Bank had no interest. The Bank's contention is that one who is disinterested in a transaction induced by his misrepresentations becomes liable in damages *only* where the representations were made with knowledge of their falsity and with the intent to deceive the person who acted upon them.

In other words, the Bank contends that in addition to the elements in the ordinary fraud case that we have heretofore outlined in our original opinion, that in this particular case against the Bank under the particular facts of this case two additional elements must be established by Republic,

such additional elements being: (a) knowledge of the Bank that the representation was false, and (b) the making of the representation with the intent to deceive the person who acted upon it.

The Bank argues that there was "no evidence" offered at the summary judgment hearing to show that the Bank or its representative that made the statement, Mr. Flack, knew that the statement in question was false. The Bank says the summary judgment in this case was therefore properly granted in its favor.

The only authority the Bank cites in support of its contention is 37 Am.Jur.2d 275, Sec. 207. No Texas cases are cited. Republic has not had an opportunity to fully brief this question.

In view of this and of the fact that it is not necessary for us to decide this question in order to fully dispose of this motion for rehearing, we make no effort to decide the question of whether or not these two additional elements are a part of the cause of action sued upon by Republic.

Our ruling here is that even if those two elements are essential elements of the cause of action brought against the Bank, that the trial court still erred in granting the Bank's motion for summary judgment.

As stated, the Bank now contends that there was "no evidence" offered at the summary judgment hearing to prove that Mr. Flack, the Bank's Vice President, knew that the representation in question was false, and that for this reason the trial judge properly granted the Bank's motion for summary judgment.

We overrule this contention. The burden was on the Bank to establish as a matter of law that one or more of the essential elements of the fraud case pleaded by Republic were not present.

In discussing this point we assume without deciding the point, that knowledge of

**400**

the falsity of the representation by Mr. Flack was an essential element of the case. We have heretofore quoted testimony of the witness Solesbee, which could be interpreted by the fact finder as evidence to the effect that Solesbee had not made, prior to the time the representation was made, any arrangements whatever with the Bank to get the money with which to pay for the heaters.

The fact finder would have thus been justified, based on Solesbee's testimony, in finding that the representation that arrangements had been made prior to that time to get the money in question was false.

The evidence further showed that all of Solesbee's dealings at the Bank were with Mr. Flack. If no arrangements had been made for getting this money, then Mr. Flack would have necessarily known it and have necessarily known of the falsity of the statement, if it was in fact false.

With the evidence at the summary judgment hearing in this state, it would appear obvious to us that a fact issue is present in this case on the question of whether or not the Bank or Mr. Flack knew of the falsity of the representation. We are also convinced that the Bank did not establish as a matter of law that the representation in question was not made with intent to deceive.

Neither this Court nor the trial court had the power or the authority to pass on the credibility of the witnesses involved at the summary judgment hearing. It appears to us that the Bank in making its argument has highlighted the evidence offered at the hearing that was in its favor and has completely disregarded the evidence and inferences therefrom that were in Republic's favor on the issues involved and seeks to have the appeal determined on that basis.

Actually, as demonstrated in the original opinion, we are required to do just the opposite in deciding this appeal.

Appellee's motion for rehearing is overruled.