E. J. PENTIKIS et al., Appellants,

v.

TEXAS ELECTRIC SERVICE COMPANY, Appellee.

No. 17233.

Court of Civil Appeals of Texas, Fort Worth.

July 2, 1971.

Rehearing Denied Sept. 17, 1971.

McKool, McKool, Jones, Shoemaker & Turley, and Bill Jones, Dallas, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn, and John F. Taylor, II, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

A condemnation suit that had been pending for around two and one-half years without any action therein, was dismissed for want of prosecution by the court on its own motion. The condemnee filed in that court a bill of review to set aside this dismissal judgment in the condemnation suit and to set aside an additional decree that the court thereafter rendered making the commissioners' award the judgment in the case. The condemnor filed a motion for summary judgment in the bill of review case and the trial court granted it. The condemnee has brought this appeal from that summary judgment.

The condemnation suit was filed by appellee on February 22, 1967. A hearing was held and the commissioners' award was filed on March 9, 1967. Appellants' objections to the commissioners' decision were filed on March 20, 1967, and appellee signed waiver of service of citation on April 5, 1967. The amount of commissioners' award was deposited by condemnor in the registry of the court and withdrawn by appellants (condemnees) on April 17, 1967.

No further action was taken by either party or by the court until September 1, 1969. At that time the clerk, pursuant to the directions of the judge, posted the condemnation suit on a list of cases to be dismissed on September 30, 1969. This notice and list of cases to be dismissed were posted on the wall just inside the door of the office of the clerk of the County Court at Law. This notice remained posted there for a period of 60 days and was then removed.

The court on its own motion, for want of prosecution, dismissed the condemnation suit by an order signed September 30, 1969, and on December 1, 1969, signed an additional decree in that case making the award of the commissioners the judgment of the court.

The order of dismissal in the original case was rendered by the court without actual notice to and without the actual knowledge of either party or their attorneys. The appellants did not actually learn that the December 1, 1969 decree had been rendered and signed until January 5, 1970.

On December 8, 1969, the attorney for appellants wrote a letter to the attorney for appellee concerning the settlement or setting of the case for trial, wherein his opening sentence was the following: "The above cause has become a bit ancient, and we expect to request a setting in the near future." On December 10, 1969, the secretary to appellee's attorney wrote a letter to appellants' attorney acknowledging receipt of his December 8, 1969, letter and stating that appellee's attorney was out of the country until December 19, 1969, and that on his return she would show him the December 8th letter. On December 23, 1969, appellee's attorney wrote acknowledging the December 8, 1969, letter and advising that the condemnation case had been dismissed for want of prosecution on September 30, 1969, and that the other judgment had been entered on December 1, 1969. The attorney for appellants was on vacation on December 23, 1969, and did not receive that letter until he returned to his office on January 5, 1970, which was a date more than 30 days after both decrees were signed and was a time when the trial court had lost jurisdiction of the original case. Appellants received a copy of the judgment on January 9, 1970, and filed the bill of review to set aside the judgments in the original case on January 23, 1970.

We have taken the above statement in most part from appellants' "Statement of the Case" as contained in their brief in view of the fact that appellee's opening statement in their brief was to the effect that appellee agreed with such statement. In view of Rule 419, Texas Rules of Civil Procedure, we accept such statement as being correct.

The record shows that appellants' counsel lived in Dallas County. They were non-resident attorneys within the meaning of Rule 246, T.R.C.P. They admit that they did not furnish the clerk of the court with a properly addressed and stamped envelope as provided in such rule, so as to make it the duty of the clerk to furnish them with notice of settings of the case.

Appellants' brief only urges one point of error, same being that the trial court erred in granting the appellee's motion for summary judgment.

We overrule the point and affirm the judgment.

The essential elements of the bill of review action, filed herein by appellants, were: (1) that they had a meritorious defense to the condemnation suit; (2) which they were prevented from making by the fraud, accident or wrongful act of the opposite party; (3) unmixed with any fault or negligence of their own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Smith v. Ferrell, 44 S.W.2d 962 (Tex.Com.App., 1932); and Chapa v. Wirth, 343 S.W.2d 936 (Eastland, Tex. Civ.App., 1961, no writ hist.). Had there been a trial on the merits the burden of proof would have been on appellants to prove each of those elements by a preponderance of the evidence.

But when the appellee (condemnor) filed a motion for a summary judgment in the bill of review action the burden was on the moving party to establish as a matter of law that one or more of the essential elements of the bill of review action (as they are outlined above) were not present. Republic Heater Co. v. First-Wichita Nat. Bank, 465 S.W.2d 395 (Fort Worth, Tex. Civ.App., 1971); Seale v. Muse, 352 S.W. 2d 534 (Dallas, Tex.Civ.App., 1961, ref., n. r. e.); and Neigut v. McFadden, 257 S.W. 2d 864 (El Paso, Tex.Civ.App., 1953, ref., n. r. e.). In other words, as stated in this last case at page 868: "A defendant moving for a summary judgment in order to prevail assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him."

■ The court has the inherent right, independent of any statute, to dismiss a suit for failure to prosecute it with due diligence. 20 Tex.Jur.2d 214, Dismissal, Sec. 33. See also 27 C.J.S. Dismissal and Nonsuit, § 65(1), sub. b, p. 430; Chapa v. Wirth, supra; and First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085 (1931).

At this time there is no statutory prohibition in Texas against the court dismissing a pending case for want of prosecution.

"* * * it is not the clerk's official duty to undertake to keep a party informed as to the status of his case or when it will be reached on the docket." See Alexander v. Hagedorn, supra, 226 S.W.2d at page 999, and Chapa v. Wirth, supra.

The following is from 66 C.J.S. Notice, § 12, p. 648:

"As a general rule a party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof."

In Cage v. Cage, 74 F.2d 377 at page 378 (5th Circuit, 1934) the court said: "Every litigant is under the duty without notice to take cognizance of a regular term of court and to be present in person or through counsel to protect his interests. Every court has the inherent power in term time, without notice, to set cases appearing on its docket for hearing and to dismiss cases for want of, or unreasonable delay in, prosecution."

■ A party to a suit is charged by law with notice of all orders and judgments that are rendered therein. Banks v. Crawford, 330 S.W.2d 243 (Houston, Tex.Civ.App., 1959, ref., n. r. e.); Chapa v. Wirth, supra; Southwestern Bell Telephone Company v. West, 417 S.W.2d 297 (Tyler, Tex.Civ.App., 1967, ref., n. r. e.); Smith v. Brown & Root, Inc., 430 S.W.2d 549 (Houston, Tex.Civ.App., 14th Dist., 1968,

no writ hist.); Hartman v. Byrd, 47 S.W. 2d 659 (Texarkana, Tex.Civ.App., 1932, no writ hist.); and 41 Tex.Jur.2d 538, Notice, Sec. 19, wherein it is said: "The doctrine of notice, which charges all parties to a judicial proceeding with notice of the orders and judgments rendered therein, is entirely distinct from the doctrine of lis pendens." See also J. M. West Lumber Co. v. Lyon, 53 Tex.Civ.App. 648, 116 S.W. 652 (1909, writ ref.).

■ The lawyers in a pending case are chargeable with notice of all orders that are rendered affecting such case. Meadowbrook Country Club v. Davis, 384 S. W.2d 611 (Mo.Sup.Ct., 1964).

The case of McAllister v. Erickson, 45 Idaho 211, 261 P. 242 (1927) holds that litigants are bound to take notice of the steps and proceedings had in their cases, and they are required to and should be in court attending to their business in person or through counsel.

It is apparent from the above authorities that the appellants and their attorneys were all charged by law with knowledge of the rendition and entry of both the September 30, 1969, order of dismissal and the December 1, 1969, decree that made the award of the commissioners the decree of the court, and this is true even though they had no actual notice thereof until after those decrees had become final.

Appellants' own statement in their brief is to the effect that the order of dismissal of September 30, 1969, was rendered and entered on the court's own motion without either party having actual knowledge of it until sometime later. The record shows conclusively that nothing appellee or its counsel did had any part in preventing appellants from presenting their allegedly meritorious defense or in preventing appellants' counsel from filing a motion for new trial within the time allowed by law.

The proof made at the summary judgment hearing was to the effect that the written notice of the impending dismissal

of this and the other cases for want of prosecution was posted for 60 days in a conspicuous place in the court clerk's office. The order of dismissal was then signed on September 30, 1969, and the other decree on December 1, 1969. As a matter of law appellants and their counsel were charged by law with knowledge that both of these decrees had been rendered and signed, but with such knowledge they did nothing and permitted the time to go by in which motions for new trial could have been filed and permitted such judgments to become final decrees.

Appellants' statement of the case as contained in their brief and the record made at the summary judgment hearing show conclusively that appellants and their counsel were not prevented from either presenting their allegedly meritorious defense or from filing motions for new trial by any fraud, accident or wrongful conduct of appellee or its counsel. Such record also shows conclusively that fault or negligence of appellants and their own counsel in failing to discharge their own duty to keep themselves informed as to proceedings had in this case entered into and was at least in part the cause of their failure to present such defense and of their failure to file motions for new trial within the time allowed by law.

Therefore, for the reason that appellee established conclusively that the second and third enumerated elements of the cause of action for bill of review did not exist, the trial court correctly sustained the motion for summary judgment.

Appellants in their brief urge that the determining factor in this case is whether the posting of the list of cases for dismissal in the clerk's office as was done in this case was adequate notice to appellants.

We hold that it was for the reasons indicated above.

The judgment is affirmed.