John A. DREW, Appellant,

v.

W.B. LAUDER, Jr. and Roger D. VanBurkleo, Appellees.

No. 2569cv.

Court of Appeals of Texas, Corpus Christi.

Feb. 10, 1983.

Rehearing Denied March 10, 1983.

E.R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellant.

Walter J. Passmore, Neil Norquest, O.C. Hamilton, Jr., Ewers & Toothaker, McAllen, Mark VanBerg, Mercedes, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is a suit instituted by appellant against appellees for an accounting following the dissolution of a partnership of which they were all members. The firm, which operated under the name of Lauder, Drew & VanBurkleo, was engaged in the practice of accounting. Appellant's petition prayed, inter alia, for an accounting for various assets belonging to the partnership, amongst which was the goodwill built up by the firm. The trial court severed the issue of accountability for goodwill, and granted summary judgment thereon in favor of appellees.

In his third point of error appellant alleges the existence of genuine issues of material fact concerning an agreement among the partners to reimburse a withdrawing partner for his share of the firm's goodwill. We agree with him that such issues exist.

"A motion for summary judgment under the rules should be denied where the petition and supporting affidavits disclose a genuine issue of fact.... A judgment is the sentence of the law on the facts in the record; it is the same in respect to a summary judgment *where the facts are established without controversy, and unless the facts are so established a summary judgment is precluded....*" 45 Tex. Jur.2d *Pleading,* § 144, p. 635–36 (and numerous cases cited therein) (emphasis supplied).

Appellees cite the case of *Rice v. Angell,* 73 Tex. 350, 11 S.W. 338 (1889) for its discussion concerning compensation to partners for the goodwill of a partnership upon its dissolution. In that case, in which the plaintiff and defendant had conducted an insurance agency under the name of Angell & Rice, the Court, after defining the goodwill of a partnership as the continued custom of its clientele, stated:

"If the business had been conducted under an assumed name wholly distinct from the name of either partner, such, for example, as the 'Galveston Insurance Agency,' it might be held that the probability that the patrons of the partnership would continue to do business with any person or firm using that name constituted a valuable right, and would be the subject of legal disposition upon a dissolution of the firm. But in this case the names of the partners constituted the name of the firm.... It appears, then, that upon the dissolution of the partnership between the plaintiff and the defendant, there was nothing left which would probably draw to it the custom of the firm.... [E]ach partner was left free to continue business in his own name, and to procure for himself alone the employment of such of the insurance companies formally represented by the firm as might desire his services. The success of either in controlling the former custom of the firm depended upon his own personal capacity for attracting and holding patronage, and not upon anything he had received upon the dissolution more than was received by the other. Each had the same opportunities as the other for competing for their old business; and, if one had any advantage over the other in that competition, it could

only have been by reason of his personal qualifications, in which the other partner by reason of the contract of partnership certainly acquired no right which continued after the relation of partners had ceased to exist. It appears, therefore, that upon the dissolution each partner by its legal effect took with him his chance of securing the patronage of the old firm, without any advantage over the other, except such as was purely personal to himself. We do not see that the broad allegation that the goodwill was worth ten thousand dollars helps plaintiff's case. This means, we presume, that if the exclusive right to carry on the old business were secured to either party, or to some third person, it would be worth to the person so continuing the business the sum named. *But, in the absence of a special agreement, the law secures this right to neither partner.*" 11 S.W. at 340 (emphasis supplied).

Herein lies the crux of appellant's third point of error. In their affidavits supporting their motion for summary judgment, appellees asserted that at the time of his withdrawal from the partnership appellant "was free to take clients with him, and did take with him numerous clients previously served by the Lauder, Drew & VanBurkleo accounting partnership, principally those clients whom plaintiff himself had performed accounting services for."

■ In his first amended original petition, and in his affidavit in support of his opposition to appellees' motion for summary judgment, appellant neither denies nor confirms that he took clients with him, but asserts that appellees refused to pay him "for the value of the goodwill [which] was contrary to the understanding of the partners and contrary to the explicit recognition of the goodwill factor by all of the partners prior to the dissolution...." This assertion raises the issue of the existence of a "special agreement" as referred to in *Rice v. Angel,* supra. Thus, the facts of the case were not established without controversy, and summary judgment was improper.

■ Moreover, in a summary judgment proceeding, credence must be given to testimony most favorable to the party against whom the judgment is sought. *Stowe v. City of Corpus Christi,* 358 S.W.2d 409, 411 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.). The duty of the trial court is to determine if any issue of fact exists, and not to weigh the evidence or try the case by the affidavits. *Osborne v. Dean,* 359 S.W.2d 550, 551–52 (Tex.Civ.App.—Amarillo 1962, no writ); *Stowe v. City of Corpus Christi,* supra. The judgment of the trial court is reversed and the cause remanded.