Felix A. CHAPA, Jr., Appellant,

v.

Evelyn Pennington WIRTH et al., Appellees.

No. 3581.

Court of Civil Appeals of Texas.

Eastland.

Feb. 10, 1961.

Wolff & Wolff, San Antonio, for appellant.

Clyde E. Johnson, Harvey L. Hardy, San Antonio, for appellees.

WALTER, Justice.

On January 27, 1960, Felix A. Chapa, Jr., filed suit in the nature of a bill of review against Evelyn Pennington Wirth, Ferd L. Wirth, Sarah E. Pennington Rudd and her husband Barry Rudd, a partnership, doing business as Security Finance Company, hereinafter referred to as Security, seeking to reinstate a suit he had filed against them on July 26, 1955, which had been dismissed on September 19, 1958, for want of prosecution. The court granted the defendants' motion for summary judgment and the plaintiff has appealed, contending the court erred because there are genuine issues of material facts.

In support of its motion for a summary judgment Security relied on plaintiff's petition, the official civil minutes of the court, all papers filed in both causes, an affidavit from the district clerk and one from Security's attorney who represented it in the case that was dismissed. In resisting the motion Chapa relied on his pleadings, his affidavit and an affidavit by the attorneys who represented him in filing the original suit.

Chapa contends the fact issues made by the pleadings and evidence are (1) his and his attorneys' diligence in prosecuting the original case; (2) whether he had been guilty of laches in filing the present suit; (3) whether he has a meritorious cause of action in the original suit and (4) whether he or his attorneys had notice that the original case was dismissed before the time for filing a motion for new trial elapsed.

Chapa's affidavit shows: that he moved to Louisville, Kentucky in May, 1958, and is still residing there; that he never received notice that his original suit would be or had been dismissed until his attorneys informed him in 1959; that he was unable to raise the necessary funds to properly prepare his case for trial because he had been forced to defend about 30 criminal charges and several civil suits; that while he was attending his father's funeral in San Antonio he was arrested at the funeral home on an indictment growing out of a transaction which occurred several years prior thereto and that he believes he and his lawyers have been diligent in all matters connected with his case.

The affidavit of one of Chapa's attorneys shows that he filed the original suit for Chapa on July 26, 1955; that it was his understanding the clerk was supposed to send out notices when a case was set on the dismissal docket and that he had a right to rely on such notice; that he received no such notice; that he and Chapa had a disagreement in 1959 about another case he was handling and Chapa retained other counsel; that in December, 1959, he was informed the original suit had been dismissed; that Chapa was unable to pay for the necessary services to prepare the case for trial and that he represented Chapa in about 30 other cases from July, 1955, until the latter part of 1959.

The affidavit of Chapa's other attorney, who filed the original suit, shows that when Chapa first approached him about filing the original suit he consented to his name being signed to the petition but secured another lawyer to prepare the pleadings and prepare the case for trial and that he had no recollection of ever receiving notices that the original case was put on the dismissal docket.

The affidavit of the district clerk shows that on July 10, 1958, the court ordered 69 cases set down for trial, or for dismissal for want of prosecution, and that Chapa's original suit was one of those cases; that such order was entered in the minutes; that before the cases were set for trial he mailed a notice of such settings to all the attorneys of record, including Chapa's two attorneys; that the attorneys failed to communicate with the court and Chapa's original suit was

dismissed on the court's own motion for want of prosecution on September 19, 1958, and said order was entered in the minutes of the court.

The affidavit of Security's attorney who filed an answer for them in the original suit shows: That he received notice from the clerk that Chapa's original suit would be dismissed for want of prosecution unless an announcement was made; that he had filed a cross-action in behalf of Security and he decided that Security would make no announcement and permit the case to be dismissed; that he never did anything which could have led Chapa or his attorneys to believe that they were not going to be required by Security to proceed on an adversary arms-length basis in the prosecution of said cause.

■ The facts in this case are not disputed. A bill of review is an equitable proceeding and before Chapa could successfully invoke it to set aside the judgment of dismissal it was incumbent on him to allege and prove a meritorious cause of action, which he was prevented from presenting by the fraud, accident or wrongful act of Security, and which was not contributed to by any fault or negligence of his own. Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111 (Writ Ref.); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

■ "As a general rule a party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof." 66 C.J.S. Notice § 12, p. 648.

■ "It is a well-established rule that in the absence of a statutory prohibition, every court has the power to dismiss a suit for want of prosecution." First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085.

■ "Such rule as so developed and applied may be explained in these words:

Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results." Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, 491.

"In Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962, it was held that in a Bill of Review plaintiff must bring himself strictly within the rules governing such equitable relief; that plaintiff in such cases is charged, as a matter of law, with what he knew or might have known during the term of court at which the judgment was entered, by the exercise of reasonable diligence." American Red Cross v. Longley, Tex.Civ. App., 165 S.W.2d 233, 237.

■ "For example, it is not the clerk's official duty to undertake to keep a party informed as to the status of his case or when it will be reached on the docket." Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 999.

■ The original case has been on the docket for more than three years before it was dismissed. No contention is made by Chapa, or his attorneys, that the court, the clerk, Security or its counsel did anything or said anything to him or his counsel which caused him to neglect his case. There is no dispute about the fact that the clerk mailed notices to Chapa's attorneys. The clerk had no legal duty to keep Chapa informed as to the status of his case or to notify him that it was placed on the dismissal docket. We hold the undisputed facts show lack of diligence, as a matter of law. Based on the uncontradicted evidence, Security established as a matter of law there were no genuine issues as to any material fact.

Judgment affirmed.