**Lillian E. SMITH, Appellant,**

v.

**BROWN & ROOT, INC., et al., Appellees.**

**No. 119.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 5, 1968.

Rehearing Denied July 3, 1968.

**550**

M. W. Plummer, Houston, for appellant.

Charles M. Haden, Harry L. Tindall, Fulbright, Crooker, Freeman, Bates & Jaworski, Wm. R. Eckhardt, James R. Bertrand, Vinson, Elkins, Weems & Searls, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is an appeal from a summary judgment granted in the trial court in a Bill of Review proceeding. The Bill of Review, brought by the appellant herein, sought review of the dismissal of her prior personal injury lawsuit for want of prosecution.

The accident made the basis of the prior personal injury action was alleged to have occurred on May 27, 1961. The prior suit was filed almost two years later, on May 13, 1963. After it had been pending for almost four years, on April 24, 1967, it was dismissed by the court for want of prosecution. The plaintiff in the prior suit, appellant herein, did not move for reinstatement or perfect appeal within the time required by the Texas Rules of Civil Procedure. On September 22, 1967, this Bill of Review was filed seeking to set aside the prior suit which was dismissed for want of prosecution. The trial court granted appellees' Motion for Summary Judgment and appeal is perfected to this court.

Appellant's own pleading establishes that after the original suit for personal injuries had been brought, the lawyers representing her withdrew from the case and "informed the court accordingly." Appellant alleges that she was then referred to the second attorney for further handling of her case. The second attorney, appellant alleges, "was undecided as to whether or not he would undertake to represent the plaintiff, and he requested plaintiff to seek other counsel. Plaintiff apparently misunderstood and was under the impression that said attorney would eventually represent her, although he had not filed any instrument with the court designating himself as attorney of record for plaintiff." Thereafter, on April 24, 1967, the case was dismissed for want of prosecution. Appellant then alleges, "notices of intention to dismiss were mailed to attorneys who had been designated as attorneys of record, but who had since withdrawn from the case." Said notices were never forwarded to plaintiff, and plaintiff never received any

notice of intent to dismiss from the court, nor was plaintiff ever cognizant of the judgment of dismissal, until she personally made routine inquiry concerning the status of the case on or about July 1, 1967.

■ The Supreme Court has enumerated the requirements for setting aside a final judgment by a Bill of Review. "The general rules on granting a bill of review are set out in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). This Court there said that before a litigant can successfully set aside a final judgment, he must allege and prove, within the time allowed (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence on his own part." Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. Sup.1964).

■ Appellant here makes no assertion that she was prevented from presenting her cause of action by fraud, accident or wrongful act of either of the appellees herein but pleads that her suit was dismissed for want of prosecution "due to the mistake, oversight, or human inadvertence, hereinafter fully described." Appellant then relates certain occurrences which relate to the mistake, oversight and human inadvertence on the part of either her attorneys or herself, but she does not refer to any act or omission on the part of either appellee which prevented her from presenting her cause of action. On the part of her attorneys who had withdrawn from the case, she alleged failure to forward her notice of the placement of her case on the court's dismissal docket. She cannot rely on the failure or negligence of her own attorneys. Gracey v. West, 422 S.W.2d 913 (Tex.Sup.1968). On her own part, the mistake, oversight and human inadvertence was in failing to determine whether or not she was represented by attorneys and in failing to keep herself informed of the status of the case. Neither

can she rely on her own failure or negligence and we believe this issue has been clearly resolved against the appellant. Alexander v. Hagedorn, supra; Hanks v. Rosser, supra; Gracey v. West, supra; Chapa v. Wirth, 343 S.W.2d 936, Tex.Civ. App., no writ hist.

There are two additional compelling reasons that lead us to the conclusion that the sworn allegation of appellant's Bill of Review establish her negligence and lack of diligence as a matter of law, the first being her failure to prosecute her suit with reasonable diligence.

■ Appellant makes no allegations explaining or giving justification for her failure to bring her case to conclusion in the almost four years it was on file. In Payne v. City of Tyler, 379 S.W.2d 373, 381, Tex.Civ.App., writ ref., n. r. e., the Court stated, "[t]he rule is now well established that where a party to a suit has the duty to proceed with the prosecution of the suit with reasonable diligence, a delay of unreasonable duration, if not sufficiently explained, will raise a conclusive presumption of abandonment and will authorize the trial court to exercise its discretion in dismissing the suit." See also Pollok v. McMullen Oil & Royalty Co., 383 S.W.2d 837, writ ref. The duty to prosecute the prior suit was upon the appellant and she alleges no legally sufficient reason for her failure to do so.

■ Secondly, appellant pled she "apparently misunderstood and was under the impression that said attorney (her own) would represent her. * * *" Such pleading establishes that it was her own negligence which occasioned her failure to present and prosecute her cause of action. See Chapa v. Wirth, supra, indicating that a party is charged with notice of all steps taken in a case, including the judgment, although she does not appear and has no actual notice thereof.

The language of the Supreme Court in Alexander v. Hagedorn, supra, is appropri-

ate in this instance, "* * * the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done." Whatever injustice may have here been occasioned is attributable to the appellant and does not attach to the actions of the trial court or appellees herein.

We find no reversible error in the action of the trial court and the judgment is affirmed.