**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/8/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00166-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/8/2015 2:41:33 PM
DORIAN RAMIREZ
CLERK

## CASE NO. 13-14-00166-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/8/2015 2:41:33 PM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## JOSE MARCOS MONTALVO,
## APPELLANT

### vs.

## ADOLFO VELA,
## APPELLEE

## SUPPLEMENTAL BRIEF OF APPELLEE

**HAROLD K. TUMMEL**
**SBN 20286675**
**LYDIA CASSO TUMMEL**
**SBN 00791830**
**Tummel & Casso**
**4430 South McColl Road**
**Edinburg, Texas 78539**
**Tel. No.: (956) 664-2222**
**Fax No.: (956) 664-0522**

## ATTORNEYS FOR APPELLEE

## ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

| IDENTITIES OF PARTIES | IDENTITIES OF COUNSEL |
|---|---|
| Jose Marcos Montalvo, Plaintiff, Appellant | Ms. Fela Olivarez*, ** fbolivarez@sbcglobal.net 216 E. Expressway 83 #L-M Pharr, Texas 78577 Tel. No.: (956) 702-2226 Fax No.: (956) 702-2229<br><br>Marcel C. Notzon, III** mcn@notzonlawfirm.com The Notzon Law Firm 415 Shiloh Drive, Ste. B Laredo, Texas 78045 Tel. No.: (956) 717-1961 (press 22) Fax No.: (956) 717-2789 |
| Adolfo Vela, Defendant, Appellee | Harold K. Tummel*, ** hkt@bizrgv.rr.com Lydia Casso Tummel** lct@bizrgv.rr.com Tummel & Casso 4430 South McColl Road Edinburg, Texas 78539 Tel. No.: (956) 664-2222 Fax No.: (956) 664-0522 |

* Trial counsel
** Appellate counsel

# TABLE OF CONTENTS

| DESCRIPTION | PAGES |
|---|---|
| IDENTITIES OF PARTIES AND COUNSEL | 2 |
| TABLE OF CONTENTS | 3 |
| INDEX OF AUTHORITIES | 4 |
| ARGUMENT | 6-11 |
| PRAYER | 11 |
| TRAP 9.4(i)(3) CERTIFICATE | 12 |
| CERTIFICATE OF SERVICE | 12 |

# INDEX OF AUTHORITIES

CASES                                                                    PAGES

*Arredondo v. Rodriguez*, ................................................................................................10
198 SW3d 236 (Tex. App. – San Antonio 2006, no pet.)

*Chapa v. Wirth,* ...........................................................................................................6
343 SW2d 936 (Tex. App. – Eastland 1961, no writ)

*City of Houston v. Clear Creek Basin Authority,* ........................................................9
589 SW2d 671 (Tex. 1979)

*Hexter v. Pratt,* ............................................................................................................7
10 SW2d 692 (Tex. Comm'n App. 1928, judgment adopted)

*K&S Interests, Inc. v. Texas American Bank /Dallas,* ..................................................6
749 SW2d 887 (Tex. App. – Dallas 1988, writ denied)(op. on reh'g)

*Mooney v. Harlin,* ........................................................................................................7
622 SW2d 83 (Tex. 1981)

*"Moore" Burger, Inc. v. Philips Petroleum Co.,* ........................................................9
492 SW2d 934  (Tex. 1972)

*Nguyen v. Allstate Insurance Company,* .....................................................................10
404 SW3d 770  (Tex. App. – Dallas 2013, no writ)

*Pentikis  v. Texas Electric Service Company,* ..............................................................6
470 SW2d 387 (Tex. App. – Fort Worth 1971, writ ref'd n.r.e.)

*Ponsart v. Citicorp Vendor Finance, Inc.,* ..................................................................6
89 SW3d 285 (Tex. App. – Texarkana 2002, no pet.)

*Republic Nat'l Leasing Corp. v. Schindler,* .................................................................9
717 SW2d 606 (Tex. 1986)

*Smith v. Brown & Root, Inc.,* ......................................................................................6
430 SW2d 549 (Tex. App. – Houston 1968, no writ)

*University State Bank v. Gifford-Hill Concrete Corp.,* .................................................7
431 SW2d 561 (Tex. App.–Ft. Worth 1968, writ ref'd n.r.e.)

*Walker v. Harris,* ...............................................................................................9
924 SW2d 375 (Tex. 1996)

## ARGUMENT

### Appellant's Introduction

In his brief at page vii, Appellant refers to his bill of review "under cause number C-095-09-E," while his bill of review was docketed and adjudicated as Case No. C-2559-12-E ("this Case").

### Appellant's Statement Of The Case

In his brief at page viii, Appellant argues that he settled the claim by Appellee made a subject of Case No. C-095-09-E ("the Original Case"). Appellee objects to such argument as outside the record.

In his brief at page viii, Appellant argues that he was not aware of the judgment rendered against him in the Original Case until a levy was made upon his real property. Appellant's undisputed timely appearance in the Original Case gives rise to an irrebuttable presumption, however, that Appellant had contemporaneous knowledge of the facts disclosed by the trial court's file in the Original Case. *Smith v. Brown & Root, Inc.*, 430 SW2d 549 (Tex. App. – Houston 1968, no writ); *Chapa v. Wirth*, 343 SW2d 936 (Tex. App. – Eastland 1961, no writ); *Ponsart v. Citicorp Vendor Finance, Inc.*, 89 SW3d 285 (Tex. App. – Texarkana 2002, no pet.); *K&S Interests, Inc. v. Texas American Bank/Dallas*, 749 SW2d 887(Tex. App. – Dallas 1988, writ denied)(op. on reh'g); *Pentikis v. Texas Electric Service Company*, 470

SW2d 387(Tex. App. – Fort Worth 1971, writ ref'd n.r.e.); *Mooney v. Harlin*, 622 SW2d 83(Tex. 1981); *Hexter v. Pratt*, 10 SW2d 692 (Tex. Comm'n App. 1928, judgment adopted); *University State Bank v. Gifford-Hill Concrete Corp.*, 431 SW2d 561(Tex. App.–Ft. Worth 1968, writ ref'd n.r.e.).

In his brief at page viii, Appellant argues that judgment was rendered against him in the Original Case even though Appellee's claim had been settled. Appellee objects to such argument as outside the record.

In his brief at page viii, Appellant states that Judge Chiuminatto was the trial judge. Judge Partida was the trial judge in the Original Case. Judge Chiuminatto was appointed to preside in this Case when Judge Partida recused himself because counsel for Appellant argued that misconduct on the part of Judge Partida's staff caused the rendition of the judgment against Appellant in the Original Case.

Appellant's Statement Of Facts

Appellee objects to all of the first paragraph of Appellant's statement of facts, as outside the record.

Appellee objects to all of the second paragraph of Appellant's statement of facts, as outside the record.

Appellee objects to all of the third paragraph of Appellant's statement of facts, as outside the record.

Appellee objects to all of the fourth paragraph of Appellant's statement of facts, as outside the record.

Appellee objects to footnote one to the fifth paragraph of Appellant's statement of facts, as outside the record.

Appellee objects to the seventh paragraph of Appellant's statement of facts, on the ground that the statements therein are not supported by Appellant's record references.

Appellee objects to the eighth paragraph of Appellant's statement of facts, on the ground that the statements therein are not supported by Appellant's record references.

Appellee objects to the eleventh paragraph of Appellant's statement of facts, on the ground that the statements therein are not supported by Appellant's record references.

Appellee objects to the fourteenth paragraph of Appellant's statement of facts, on the ground that the statements therein are not supported by Appellant's record references.

## Appellant's Summary Of The Argument

Appellant argues (Appellant's Brief, p. 6) that the summary judgment in the Original Case was improper, because Appellant's original answer contained a general

denial. It is well established, however, that in responding to a motion for summary judgment, a party does not create a fact issue by referencing the responding party's pleadings. Rather, the responding party must present competent summary judgment evidence to raise a fact issue. "To obtain a summary judgment, a defendant must either negate at least one element of the plaintiff's theory of recovery, *'Moore' Burger, Inc. v. Philips Petroleum Co.*, 492 SW2d 934, 936 (Tex. 1972), or plead and conclusively prove each element of an affirmative defense. *City of Houston v. Clear Creek Basin Authority*, 589 SW2d 671, 678 (Tex. 1979). After the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff to present evidence creating a fact issue. *'Moore' Burger*, 492 SW2d at 936-937." *Walker v. Harris*, 924 SW2d 375, 377 (Tex. 1996).

Appellant argues (Appellant's Brief, p. 6) that the summary judgment in the Original Case was improper, because Appellant filed a letter with the trial court in the Original Case, which was written by Appellant, and which references there being a settlement agreement between Appellant and Appellee. Such letter was not authenticated and therefore did not constitute competent summary judgment evidence. *Republic Nat'l Leasing Corp. v. Schindler*, 717 SW2d 606, 607 (Tex. 1986). Such letter contained no evidence that Appellee was a party to such "settlement agreement." Moreover, Appellant did not file a response to the motion for summary

judgment calling upon the trial court to consider such letter, in any event. Correspondingly, the court did not err in granting the summary judgment, notwithstanding Appellant's filing of said letter with the trial court. "A party submitting summary judgment evidence must specifically identify the supporting proof on file that it seeks to have considered by the trial court." *Nguyen v. Allstate Insurance Company*, 404 SW3d 770, 776 (Tex. App. – Dallas 2013, pet. denied), quoting from *Arredondo v. Rodriguez*, 198 SW3d 236, 238 (Tex. App. – San Antonio 2006, no pet.).

Appellant argues (Appellant's Brief, p. 6) that the trial court erred in this Case in granting Appellee's motion for summary judgment, because Appellant "alleged" each element of a bill-of-review claim. Such allegations do not amount to competent summary judgment evidence, and therefore did not render the summary judgment at issue improper. Moreover, Appellant failed to file a response to Appellee's summary judgment motion, and thereby failed to direct the trial court's attention to such pleadings, in any event.

## Appellant's Argument

Appellant argues, at page 13 of Appellant's brief, "The trial court should have granted Montalvo's bill of review because he satisfies [*sic*] the burden to allege and prove the required elements set out in Barnes, 975 SW2d at 537." The record does

not support Appellant's argument. In particular, the record does not support a finding that Appellant's failure to present a defense in the Original Case was not caused, even in part, by any fault or negligence of Appellant. To the contrary, the summary judgment record before the trial court and applicable law make overwhelmingly clear that Appellant was negligent in failing to present a defense in the Original Case, and in failing to seek a new trial after judgment was rendered in the Original Case, and in failing to appeal after judgment was rendered in the Original Case. See Brief of Appellee, at pages 8-10, 15-19.

Therefore, the judgment of the trial court in this Case should be affirmed.

## PRAYER

Wherefore, premises considered, Vela prays that the Court affirm the judgment of the trial court.

Respectfully submitted,

/s/ Harold K. Tummel
SBN 20286675
S.D. Tex. No. 11901
hkt@bizrgv.rr.com
Lydia C. Tummel
State Bar No. 00791830
S.D. Tex. No. 18782
lct@bizrgv.rr.com
Tummel & Casso
McColl At Trenton
4430 South McColl Road
Edinburg, Texas 78539
Tel. No.: (956) 664-2222
Fax No.: (956) 664-0522

**ATTORNEYS FOR ADOLFO VELA**

## TRAP 9.4(i)(3) CERTIFICATE

According to the software program used to make this brief, this brief contains 1690 words.

/s/ Harold K. Tummel

## CERTIFICATE OF SERVICE

A true copy of this instrument was served by first class mail, postage prepaid, on January 8, 2015, upon the following persons:

Ms. Fela Olivarez
216 E. Expressway 83 #L-M
Pharr, Texas 78577

Marcel C. Notzon, III
The Notzon Law Firm
415 Shiloh Drive, Ste. B
Laredo, Texas 78045

/s/ Harold K. Tummel