

# NUMBER 13-16-00335-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LYDIA TUMMEL AND HAROLD K. TUMMEL,**
**INDIVIDUALLY AND AS TRUSTEE OF THE**
**KURT K. TUMMEL TRUST,**                                         **Appellants,**

**v.**

**ROADRUNNER TRANSPORTATION**
**SYSTEMS, INC.,**                                                        **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Hinojosa**
**Memorandum Opinion by Justice Rodriguez**

This is a bill-of-review case filed by appellee Roadrunner Transportation Systems,

Inc. (Roadrunner) against appellants Lydia Tummel and Harold K. Tummel, Individually

and as Trustee of the Kurt K. Tummel Trust (the Tummels). Both parties moved for summary judgment. The trial court denied the Tummels' second motion for summary judgment and granted Roadrunner's motion for summary judgment. By six issues, which we have reorganized, the Tummels assert that the trial court: (1–3) erred in granting Roadrunner's motion for summary judgment and denying the Tummels' motion on Roadrunner's bill-of-review claim; (4) erred in granting Roadrunner's motion for summary judgment on the Tummels' default-judgment counterclaims; (5) erred in denying the Tummels' request for sanctions; and (6) abused its discretion in denying the Tummels' motion for new trial, as supplemented. We affirm.

## I. BACKGROUND

Our review of the record reveals that on January 4, 2013, the Tummels sued Steven Patrick Jones, John Patrick Acord, Ecoenergy Group Inc., and Intermodal Wealth Inc. (the Jones Defendants), in a case styled *Lydia Tummel, et al. v. Steven Patrick Jones, et al.*, Cause No. C-0034-13-F, in the 332nd District Court of Hidalgo County, Texas (the Jones Suit). Claiming securities fraud and seeking actual losses, the Tummels obtained a four-million-dollar default judgment against the Jones Defendants.

In September 2014, in Cause No. C-7230-14-F, styled *Lydia Tummel, et al. v. Roadrunner Transportation Systems, Inc.*, in the 332nd Judicial District Court of Hidalgo County, Texas, the Tummels applied for a writ of garnishment against Roadrunner based on the default judgment entered in the Jones Suit and on allegations that Roadrunner was indebted to or had effects belonging to the Jones Defendants (the First Garnishment Suit). The Tummels allegedly sent both the application and the writ to the Texas

2

Secretary of State to be served on Roadrunner at 4900 S. Pennsylvania Ave., Cudahy, Wisconsin 53110. The Tummels claimed that Roadrunner was served with process. Roadrunner claimed it was not served. Roadrunner did not make an appearance. On October 27, 2014, the trial court entered a default judgment against Roadrunner for the Jones Defendants' $ 4 million default judgment.[1]

Roadrunner alleged that it discovered the default judgment in the First Garnishment Suit almost a year later, in October 2015, when the Tummels filed and later obtained a second writ of garnishment in Cause No. C-5079-15-F, *Lydia Tummel, et al. v. U.S. Bank National Association* (U.S. Bank) in the 332nd District Court of Hidalgo County, Texas (the Second Garnishment Suit). The writ in the Second Garnishment Suit issued against Roadrunner's accounts at the U.S. Bank for the $4 million default judgment against Roadrunner.[2]

On December 4, 2015, Roadrunner filed its original petition for bill of review in Cause No. C-5964-15-F, *Roadrunner Transportation Systems, Inc. v. Lydia Tummel et al.*, in the 332nd Judicial District Court in Hidalgo County, Texas, the underlying suit in this appeal. Roadrunner's bill of review challenged the default judgment entered against it in the First Garnishment Suit, claiming that Roadrunner was not served with process

---

[1] On appeal, it is undisputed that Roadrunner did not receive service of either the Tummels' motion for default judgment or the trial court's final judgment against Roadrunner in the First Garnishment Suit.

[2] According to Roadrunner, U.S. Bank National Association removed this Second Garnishment Suit to federal court, claiming diversity and asserting that the amount in controversy was greater than the jurisdictional minimum. *See Lydia Tummel, et al. v. U.S. Bank N.A.*, Case No. 7:15-CV-466 (S.D. Tex. McAllen Div.); *see also* 28 U.S.C.A. §§ 1332(a), (c)(1) (setting out jurisdiction in federal district courts on diversity and the amount in controversy), 1441(a) (providing for removal of civil actions) (West, Westlaw through P.L. 115-122). It is undisputed that Roadrunner intervened in that case as a judgment debtor.

3

and, if served, service was defective. In addition, the petition asserted that Roadrunner satisfied the elements for a bill of review. The Tummels filed a general denial and argued that Roadrunner's bill-of-review claim was precluded because Roadrunner failed to exercise due diligence in order to timely file a motion for new trial and an appeal in the First Garnishment Suit.

On February 23, 2016, the Tummels filed their first amended original counterclaims, requesting declarations that (1) Roadrunner was doing business in Texas, and (2) Roadrunner was properly served with process. The Tummels also sought sanctions against Roadrunner, alleging that Roadrunner was served with process in the First Garnishment Suit and that Roadrunner was subject to the personal jurisdiction of Texas courts.

Also on February 23, 2016, the Tummels filed their second motion for summary judgment. In that motion, the Tummels argued that they had established through Roadrunner's deemed admissions that there was no evidence that Roadrunner had not received notice of the First Garnishment Suit and that Roadrunner had admitted that its failure to file an answer was intentional, due to Roadrunner's negligence, and due to its lack of diligence. The Tummels supported their motion with Harold's affidavit to which were attached forty-three exhibits.[3] Roadrunner filed a response with exhibits.[4] It is

---

[3] The exhibits attached to the Tummels' second motion for summary judgment included discovery propounded on Roadrunner with fax confirmation pages, correspondence to Roadrunner's counsel, service documents in the First Garnishment Suit with the declaration of John DeGrace, and certain pages of Roadrunner's December 31, 2014 SEC 10-K Report taken from its website.

[4] Roadrunner attached the following to its response to the Tummels' motion: DeGrace's declaration; Robert M. Milane's declaration; the transcript from the federal case's initial pretrial and scheduling order; and the post-judgment application for writ of garnishment in the First Garnishment Suit.

undisputed that Roadrunner also filed a motion challenging the purported deemed admissions upon which the Tummels based their second motion for summary judgment. By its motion, Roadrunner claimed that it had not received the discovery requests because it had been served on an inactive fax line to only one of Roadrunner's counsel. Before ruling on the Tummels' motion for summary judgment, the trial court granted Roadrunner's motion, withdrawing any deemed admissions.[5]

On March 9, 2016, Roadrunner filed its summary judgment motion, claiming that it had not been served or improperly served and, even if served, it had satisfied all bill-of-review requirements. Its motion also sought summary judgment on the Tummels' counterclaims for declaratory judgment and for sanctions.[6] The Tummels filed a response and a brief in support.[7] Roadrunner replied to the Tummels' response.

On April 22, 2016, the trial court denied the Tummels' second motion for summary judgment and granted Roadrunner's motion for summary judgment. By doing so, the trial court vacated the underlying default judgment in the First Garnishment Suit.

On April 29, 2016, the Tummels filed a motion for new trial and two supplemental motions. By their motions, the Tummels asserted, among other things, that there was newly discovered evidence; specifically, Time Warner Cable Inc.'s business records of

---

[5] The Tummels do not challenge the withdrawal of Roadrunner's admissions.

[6] In support of its motion, Roadrunner filed the declarations of DeGrace and Milane, the transcript of the hearing on the initial pretrial and scheduling order in federal court, the final judgment in the Jones Suit, the Tummels' post-judgment application for writ of garnishment, the writ of garnishment, and the final judgment in the First Garnishment Suit.

[7] To their response, the Tummels attached Harold's March 22, 2016 affidavit and exhibits related to service and information from Roadrunner's website.

incoming calls at Tummel & Casso, the law firm that represented the Tummels in the First Garnishment Suit.[8]  The Tummels claimed that this newly discovered evidence was proof of proper service on Roadrunner because the records showed that on October 24, 2014, one month after the Tummels had filed their application of writ in the First Garnishment Suit, they received a call from Roadrunner's home office.  Roadrunner responded, alleging in part that the Tummels were not diligent in obtaining the newly discovered evidence and, even if diligent, the evidence did not prove proper service on Roadrunner.  After a hearing on the motions, the trial court signed orders denying the Tummels' motions for new trial.  This appeal followed.

## II.  THE TUMMELS' CHALLENGE TO ROADRUNNER'S SUMMARY JUDGMENT EVIDENCE

We begin by addressing the first, second, and third issues, to the extent the Tummels challenge Milane's declaration that Roadrunner filed in support of its motion for summary judgment.

### A.    Standard of Review for Evidentiary Rulings

We review evidentiary rulings for abuse of discretion, even in the context of cross-motions for summary judgment.  *See United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam).  We must uphold the trial court's evidentiary ruling if the record shows any legitimate basis supporting that ruling.  *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

---

[8] The Tummels attached the Time Warner business records to their motion and authenticated the records through Harold's affidavit and a Time Warner business records affidavit.

**B.** **Discussion**

Milane's declaration follows with the challenged portions highlighted—portions that are relevant to service and notice:

I, Robert M. Milane, hereby declare under penalty of perjury pursuant to Texas Civil Practice and Remedies Code § 132.001(a) that the following statements in this declaration are true:

1.  My name is Robert M. Milane. . . .  All of the facts stated herein are true and correct. **The facts contained in this declaration are either based on my personal knowledge or are based on facts that I have gathered from sources in my employment with Roadrunner Transportation Systems, Inc. such that I am competent to declare the facts below as true and correct**.

2.  I am Executive Vice President of Risk Management for Roadrunner Transportation Systems, Inc. ("Roadrunner").

    . . . .

5.  Roadrunner does not possess any property or any debts belonging to Steven Patrick Jones, John Patrick Acord, Ecoenergy Group Inc, or Intermodal Wealth Inc. ("Jones Defendants").  Roadrunner did not possess any property or any debts belonging to any of the Jones Defendants on September 22, 2014.  Roadrunner did not have knowledge on September 22, 2014, and does not have knowledge now of any parties that may possess any property or any debts belonging to the Jones Defendants.

6.  Roadrunner did not receive any documents filed in the case styled *Lydia Tummel, et al. v. Roadrunner Transportation Systems, Inc*., Cause No. C-7230-14-F, in the 332nd Judicial District Court of Hidalgo County, Texas ("Garnishment") on September 22, 2014, or on any other date. **Roadrunner did not receive service of any application for writ of garnishment, order granting application for writ of garnishment, writ of garnishment, motion for default judgment, default judgment, or final judgment filed in the Garnishment.**  Roadrunner first learned of the Garnishment by

7

email sent on October 19, 2015, from a U.S. Bank National Association employee. . . .[9]

(Emphasis added.)

Referring to the bolded statement in paragraph 1, the Tummels assert that, while Milane admits that some of the facts in his declaration may not be within his personal knowledge, he does not expressly identify facts that are not within his personal knowledge. Relying on *Humphreys v. Caldwell*, the Tummels claim that this language renders the declaration "legally invalid" and "of no probative value." *See* 888 S.W.2d 469, 470–71 (Tex. 1994) (per curiam). In addition, the Tummels contend that the bolded portion of paragraph 6 was not shown to be within Milane's personal knowledge, specifically within his personal knowledge of what documents Roadrunner may have received in the First Garnishment Suit and, therefore, is not competent summary judgment evidence. *See* TEX. R. CIV. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). The Tummels also complain that this statement in Paragraph 6 is not competent summary judgment evidence because it is conclusory. *See* *McFarland v. Citibank (S. Dakota), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009,

---

[9] The Tummels acknowledge that the following statement in paragraph 4 of Milane's declaration relates to jurisdiction and not to the issue of service of process in the First Garnishment Suit: "Roadrunner does not employ or recruit for employment any Texas resident." The Tummels complain that this statement is not competent summary judgment evidence because it is not shown to be within Milane's personal knowledge. They also assert the same argument about paragraph 7, which provides: "Roadrunner does not employ and has not employed any person named 'JD Grace' to receive mail sent to Roadrunner's Cudahy, Wisconsin office." Assuming that the Tummels preserved their objections, because the complained-of statements are not relevant to the dispositive issues in this appeal, we do not address them. *See* TEX. R. APP. P. 47.1.

no pet.) (providing that "an objection regarding the conclusory nature of an affidavit is an objection to the substance of the affidavit that can be raised for the first time on appeal" and that "[a]ffidavits containing conclusory statements that fail to provide the underlying facts to support the conclusion are not proper summary judgment evidence"). We disagree.

Paragraph 1 of Milane's challenged declaration identified his relationship with Roadrunner as Vice President of Risk Management. In that same paragraph, Milane declared that the facts in his declaration were based on either his personal knowledge or on facts gathered by virtue of his employment with Roadrunner and that they were true and correct. In other words, Milane set out that he was competent to declare that the facts contained in his declaration were true and correct. *See* TEX. R. CIV. P. 166a(f). In paragraph 6, Milane declared that Roadrunner received no pleadings, motions, or judgments.

Milane's position as Vice President of Risk Management at Roadrunner serves, at least in part, as the basis of Milane's personal knowledge regarding the contents of his declaration. *See Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 428 (Tex. App.—Corpus Christi 2016, no pet.) ("An affiant's position or job responsibilities may demonstrate the basis of [his] personal knowledge."); *City of Dallas v. Cont'l Airlines, Inc.*, 735 S.W.2d 496, 501 (Tex. App.—Dallas 1986, writ ref'd) (holding that the statements of a company's vice-president were sufficient to show how he obtained personal knowledge of the facts within his affidavit); *see also EOG Res., Inc. v. Wall*, 160 S.W.3d 130, 135 (Tex. App.—Tyler 2005, no pet.) (finding that the affiant's employment with the plaintiff

9

corporation made his sworn statements "sufficiently based on personal knowledge"). Milane's position at Roadrunner shows how he obtained personal knowledge of the facts in his declaration, specifically the fact that Roadrunner received no pleadings, motions, or judgments in this case. *See Jackson T. Fulgham Co., Inc. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 130 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) ("[A]n affidavit must in some way affirmatively show how affiant became personally familiar with the facts."); *City of Dallas*, 735 S.W.2d at 501. Setting out his position as Vice President of Risk Management established his relationship with the facts of the case in a manner sufficient to demonstrate personal knowledge of the facts at issue, including whether Roadrunner received service of process or notice of the default judgment in this case. A corporate officer may testify regarding a company's activities without showing exactly how he acquired that knowledge. *See M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 407 (Tex. App.—Corpus Christi 1999, no pet.). And as Roadrunner's Vice President of Risk Management, Milane was uniquely situated to have personal knowledge on matters relating to Roadrunner's possible liabilities, including potential or pending litigation. Facts regarding service of documents in any lawsuit would ordinarily be within the personal knowledge of the risk management vice president. *See id.*

The Tummels' authority for their lack-of-personal-knowledge objection is distinguishable. In *Humphreys*, a discovery mandamus proceeding, the Texas Supreme Court rejected several affidavits as legally insufficient because they did "not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge." 888 S.W.2d at 470. The affidavits "fail[ed] to

unequivocally show that they [were] based on personal knowledge" because they set out only that the statements were based on the affiant's "own personal knowledge and/or knowledge which he ha[d] been able to acquire upon inquiry." *Id.* In the present case, Milane positively and unqualifiedly represented that the facts in his declaration were based on his personal knowledge or on facts gathered through his employment with Roadrunner. We have concluded these statements support personal knowledge in this case. In addition, the *Humphreys* Court concluded that "the affidavits provide[d] no representation whatsoever that the facts disclosed therein [were] true." *Id.* Here, Milane stated that the statements in his declaration were true. So, the Tummels' reliance on *Humphreys* is misplaced.

The Tummels also argue that Roadrunner's authority does not support its proposition that Milane's declaration was competent proof of the statements contained in the declaration. We are not persuaded by this argument. For example, while the affidavits challenged in *EOG Resources* and *City of Dallas* may have included more specifics regarding each affiant's employment history and technical knowledge, the cases provide support for the broader proposition that employment status can be sufficient to show how an affiant obtained personal knowledge of the facts within his affidavit. *See EOG Res.*, 160 S.W.3d at 135; *City of Dallas*, 735 S.W.2d at 501.

Reviewing the trial court's evidentiary rulings for an abuse of discretion, we conclude that the trial court did not abuse its discretion in overruling the Tummels' objections to these specific portions of Milane's declaration and considering it as summary judgment evidence. *See United Blood Servs.*, 938 S.W.2d at 30; *see also* Tex.

11

R. CIV. P. 166a(f).  The trial court had a legitimate basis for overruling the Tummels' lack-of-personal-knowledge objections.  *See Owens–Corning*, 972 S.W.2d at 43.  Milane declared that the facts in his declaration were based on his personal knowledge or on facts gathered as Vice President of Risk Management at Roadrunner and that those facts were true.  Additionally, by describing facts regarding Roadrunner's non-receipt of specific legal documents, there was a legitimate basis to conclude that the complained-of portion of paragraph 6 of Milane's declaration was not conclusory.  *See id.*

We overrule the Tummels' first, second, and third issues to the extent they challenge these complained-of portions of Milane's declaration.  We will consider Milane's declaration as proper summary judgment evidence.

### III.    ROADRUNNER'S BILL-OF-REVIEW CLAIM

By their first issue, the Tummels claim that Roadrunner's motion for summary judgment failed and that the court erred in granting it because Roadrunner did not meet its burden of proving the bill-of-review elements as a matter of law.  *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) (per curiam); *Mabon v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *see also* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).  In their second issue, the Tummels assert the trial court erred in granting Roadrunner's motion because even if Roadrunner provided evidence supporting the elements of its claim, the Tummels' response raised material issues of fact.  And by their third issue, the Tummels contend the trial court erred in denying his second motion for summary

12

judgment because their evidence disproved at least one bill-of-review-element as a matter of law and Roadrunner failed to create a fact issue in response.

Reviewing the first three issues together, the Tummels challenge all grounds that Roadrunner raised in support of its motion for summary judgment, including: (1) Roadrunner was not served with process, (2) service of process, if any, on Roadrunner was defective, and (3) even if served with process, Roadrunner proved the three traditional elements of a bill-of-review claim. Because the trial court did not state the ground upon which it granted summary judgment and because we determine below that Roadrunner's third summary-judgment ground is sufficient and, thus, dispositive of the remainder of the first three issues, we address it first. *See Branton v. Wood*, 100 S.W.3d 645, 647 (Tex. App.—Corpus Christi 2003, no pet.); *see also* TEX. R. APP. P. 47.1.

## A.   Standards of Review and Applicable Law

### 1.   Summary Judgment

When a trial court resolves a case by granting summary judgment on the bill of review, the summary judgment standard of review applies. *See, e.g., Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist. 2006, no pet.) (reviewing a no-evidence summary judgment from a bill-of-review proceeding); *see also Barowski v. Gabriel, Nos.* 04-08-00800-CV, 04-08-00801-CV, 2010 WL 3030874, at *2 (Tex. App.—San Antonio Aug.4, 2010, no pet.) (mem. op.) (same); *Chemject Int'l, Inc. v. Sw. Bell Tel. Co.*, Nos. 13-04-567-CV, 13-06-032-CV, 2007 WL 177651, at *5 (Tex. App.—Corpus Christi Jan. 25, 2007, pet. denied) (mem. op.) (same). We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

13

Traditional summary judgment is only appropriate if the record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Little*, 148 S.W.3d at 381; *see also* TEX. R. CIV. P. 166a(c). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Valence Operating Co.*, 164 S.W.3d at 661; *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004). Finally, when the trial court grants a motion for summary judgment without stating the grounds upon which it relied, we must affirm the summary judgment if any ground advanced in the motion is sufficient. *Branton*, 100 S.W.3d at 647 (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)); *Boren v. Bullen*, 972 S.W.2d 863, 865 (Tex. App.—Corpus Christi 1998, no pet.) (same).

### 2. Bill of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment, in this case a no-answer default judgment, that is no longer subject to challenge by a motion for new trial or appeal. *Katy Venture*, 469 S.W.3d at 164; *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Ordinarily, a bill of review requires proof of three elements: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence by the movant. *Katy Venture*, 469 S.W.3d at 164; *see Mabon*, 369 S.W.3d

14

at 812; *Caldwell*, 154 S.W.3d at 96; *see also Montalvo v. Vela*, No. 13-14-00166-CV, 2016 WL 192063, at *2 (Tex. App.—Corpus Christi Jan. 14, 2016, no pet.) (mem. op.).

**B.      Discussion**

### 1.      Roadrunner Established a Meritorious Defense that the Tummels Did Not Challenge

Paragraph 5 of Milane's declaration, attached in support of Roadrunner's motion, set out the following:

> Roadrunner does not possess any property or any debts belonging to . . . [the] Jones Defendants . . . . Roadrunner did not possess any property or any debts belonging to any of the Jones Defendants on September 22, 2014. Roadrunner did not have knowledge on September 22, 2014, and does not have knowledge now of any parties that may possess any property or any debts belonging to the Jones Defendants.

The Tummels did not object to this portion of Milane's declaration in the trial court and do not complain on appeal that Roadrunner failed to establish that it had a meritorious defense to the underlying cause of action. *See Buckeye Ret. Co., LLC, Ltd. v. Bank of Am., N.A.*, 239 S.W.3d 394, 399 (Tex. App.—Dallas 2007, no pet.) ("The primary issue in a garnishment suit is whether the garnishee is indebted to, or has in its possession effects belonging to the debtor.") (citing *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Katy Venture*, 469 S.W.3d at 164; *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. And our de novo review of the summary judgment evidence presented by both sides reveals no contradicting evidence. *See Valence Operating Co.*, 164 S.W.3d at 661; *Patient Advocates of Tex.*, 136 S.W.3d at 648.

15

We conclude then that the record establishes that there is no genuine issue of material fact as to the first element of its bill-of-review claim. *See Little*, 148 S.W.3d at 381; *see also* TEX. R. CIV. P. 166a(c). Roadrunner met its burden on this element. *See Katy Venture*, 469 S.W.3d at 164; *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96.

### 2. Roadrunner Established that It Was Prevented from Presenting a Meritorious Defense Because of the Clerk's Official Mistake

The Tummels challenge the second bill-of-review element, complaining that Roadrunner did not establish that it was prevented from presenting its meritorious defense in the underlying case by fraud, accident, or wrongful act of the Tummels. *See Katy Venture*, 469 S.W.3d at 164; *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. But a bill-of-review plaintiff is "relieved of [the] necessity [of proving fraud, accident, or wrongful act of the opposing party] where . . . [it] demonstrates that the judgment resulted from [its] reliance on a court officer who improperly executed his official duties." *Garza*, 166 S.W.3d at 818 (citing *Transworld Fin. Servs., Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987)); *Mowbray v. Avery*, 76 S.W.3d 663, 683–84 (Tex. App.—Corpus Christi 2002, pet. denied). "An official mistake occurs when a court official commits error in the discharge of his official duties, and that error prevents the complainant from presenting his defense in the former action or from challenging the judgment by post-judgment actions or appeal." *Perdue v. Patten Corp.*, 142 S.W.3d 596, 604–05 (Tex. App.—Austin 2004, no pet.) (citing *Mowbray*, 76 S.W.3d at 683). This element may be satisfied by evidence that a defendant did not receive notice of a default judgment rendered against it due to a clerk's error. *See e.g. Petro-Chem. Transp., Inc. v. Carroll*,

514 S.W.2d 240, 244–45 (Tex. 1974) (holding that a defendant was deprived of the opportunity to file a motion for new trial due to the failure of a clerk to send the required notice of the signing of the judgment); *Flores v. Flores*, 116 S.W.3d 870, 875 (Tex. App.—Corpus Christi 2003, no pet.) ("In granting summary judgment, the trial court found that Jorge [Flores] established official mistake as a matter of law, 'which was the failure of the district clerk to send notice of the judgment to Jorge or his counsel.'").

The Tummels acknowledge that proving an official mistake is an alternative to proving the second element of a bill of review, *see Mabon*, 369 S.W.3d at 812, but they contend on appeal that Roadrunner "failed to present any competent summary judgment evidence of such official misconduct by the Hidalgo County District Clerk." We disagree.

Roadrunner, through paragraph 6 of Milane's declaration, established that it did not receive the motion for default judgment or the final judgment rendered against it in the Roadrunner Garnishment Suit, and we have concluded that Milane's declaration was properly before the trial court. The Tummels do not otherwise dispute that Roadrunner did not receive the motion or final judgment. Our review of the summary judgment record reveals no conflicting evidence. *See Valence Operating Co.*, 164 S.W.3d at 661; *Patient Advocates of Tex.*, 136 S.W.3d at 648. Instead, the final judgment in the Roadrunner Garnishment Suit shows that only the Tummels were sent a copy of the judgment. Having established an official mistake, Roadrunner was relieved of proving that its failure to present a meritorious claim or defense was caused by any wrongful conduct on the part of the Tummels. *See Garza*, 166 S.W.3d at 818–19; *Perdue*, 142 S.W.3d at 604–05; *see also Petro-Chem. Transp.*, 514 S.W.2d at 244.

17

Relying on *Smith v. Brown & Root* and *Chapa v. Wirth*, the Tummels also argue that Roadrunner's official-mistake argument fails because Roadrunner is charged by law with knowledge of all the proceedings in the underlying case. *See Smith*, 430 S.W.2d 549, 551 (Tex. Civ. App.—Houston 1968, no writ) (reviewing diligence and setting out that the bill-of-review petitioner and personal-injury plaintiff in the underlying suit, "is charged with notice of all steps taken in a case including the judgment [for want of prosecution], although she does not appear and has no actual notice thereof"); *Chapa*, 343 S.W.2d 936, 938 (Tex. Civ. App.—Eastland 1961, no writ) (determining that the bill-of-review petitioner and plaintiff in the underlying suit was not diligent and that "[t]he clerk had no legal duty to keep Chapa informed as to the status of his case or to notify him that it was placed on the dismissal docket"). The Tummels' authority is distinguishable because, in this case, Roadrunner was a defendant in the underlying garnishment litigation, not the plaintiff. And the district clerk failed to send out the required notice of the default judgment to Roadrunner in that litigation. *See* TEX. R. CIV. P. 306a(3); *Flores*, 116 S.W.3d at 875.

Texas Rule of Civil Procedure 306a(3) provides, in relevant part, that "[w]hen the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed." TEX. R. CIV. P. 306a(3). The Texas Supreme Court has explained,

> The obvious purpose of this rule is to insure that, insofar as practicable, parties adversely affected by a final judgment or other appealable order have an opportunity to attack the same by motion for new trial or appeal. That purpose will be defeated in some instance by incorrect

addresses, errors of the postal service, and failure of the addressee for any reason to receive a notice delivered to the proper address. It will be unnecessarily thwarted if there can be no relief when the clerk, either intentionally or through oversight, fails to send the notice promptly as required by the rule.

*Petro-Chem. Transp.*, 514 S.W.2d at 244 (citing former TEX. R. CIV. P. 306d, now TEX. R. CIV. P. 306a); *see also Brown v. Vann*, No. 05-06-01424-CV, 2008 WL 484125, at *2 (Tex. App.—Dallas Feb. 25, 2008, no pet.) (mem. op.) ("When all other requirements are met, a bill of review may be predicated upon the trial court clerk's failure to send notice of entry of judgment."). The Tummels' argument is without merit.

### 3. The Judgment in the Garnishment Suit Was Entered Without Any Fault or Lack of Diligence on the Part of Roadrunner

The Tummels also complain that Roadrunner did not meet its burden of proof with respect to the third element of its bill-of-review claim—that the judgment was rendered unmixed with any fault or negligence by Roadrunner. *See Katy Venture*, 469 S.W.3d at 164; *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. The Tummels argue that Roadrunner did not prove that it was not served with process and, thus, did not prove that the judgment was entered without any fault on its part. We agree that Roadrunner asserted that it was without fault because it was not served with process. But Roadrunner also asserted in its motion for summary judgment that the judgment was entered without fault on its part because it did not receive and was not aware of any documents filed in the First Garnishment Suit, including the Tummels' motion for default judgment and the final judgment rendered against it.[10] *See Hanks v. Rosser*, 378

---

[10] Regarding the third bill-of-review element, Roadrunner asserted the following in its motion for summary judgment:

S.W.2d 31, 34 (instructing that a bill-of-review plaintiff has the following "two rights or remedies" in a default-judgment proceeding: (1) to file an answer to prevent a default judgment; and (2) to file a motion for new trial within the prescribed time period). Milane's declaration established that Roadrunner did not receive the Tummels' motion for default judgment or the trial court's final judgment, among other documents. By showing that it did not receive these documents, Roadrunner established, through no fault of its own, that it was prevented from taking any sort of remedial action, including the filing of a motion for new trial or a direct appeal, such that it could present its meritorious defense. *See Petro-Chem. Transp.*, 514 S.W.2d at 244–45; *see also Katy Venture*, 469 S.W.3d at 164; *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. Our review of the summary judgment record reveals no conflicting evidence regarding Roadrunner's receipt of the motion and final judgment. *See Valence Operating Co.*, 164 S.W.3d at 661; *Patient Advocates of Tex.*, 136 S.W.3d at 648. And, as noted above, the only party copied on the First Garnishment Suit's final judgment was the Tummels. Because the record establishes that there is no genuine issue of material fact as to the third element of its bill-of-review claim, we conclude that Roadrunner met its burden on this element. *See Little*, 148 S.W.3d at 381; *see also* TEX. R. CIV. P. 166a(c).

---

Roadrunner was never aware of the motion for default judgment or the final judgment rendered against it in the [First] Garnishment [Suit]. Consequently, Roadrunner was prevented from taking any sort of remedial action, including the filing of a Motion for New Trial. A person who has not been served [with these documents] cannot be at fault or negligent. *See generally Caldwell* [*v. Barnes*], 154 S.W.3d [93,] 97 [(Tex. 2004) (per curiam)].

## D.      Summary

In sum, we conclude that the trial court properly granted Roadrunner's traditional motion for summary judgment because Roadrunner established the bill-of-review elements as a matter of law and the Tummels did not raise material fact issues in their response.   We also conclude that the trial court did not err in denying the Tummels' second motion for summary judgment because they did not meet their burden to disprove at least one element of Roadrunner's claim.   We overrule the remaining portions of the Tummels' first, second, and third issues.

### IV.      THE TUMMELS' COUNTERCLAIMS FOR DECLARATORY JUDGMENT

In their fourth issue, the Tummels contend that the trial court erred in granting Roadrunner's motion for summary judgment challenge to their counterclaims for declaratory relief.   They assert that, instead of complaining by way of a motion for summary judgment, Roadrunner should have specially excepted to their counterclaims. Roadrunner responds that the Tummels' counterclaims for declaratory judgment were simply a denial of Roadrunner's bill of review and presented neither a new controversy nor a need to specially except.   We agree with Roadrunner that these counterclaims did not allege causes of action independent of Roadrunner's claims.   *See Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied) ("A counterclaim that presents no new controversy, but exists solely to pave the way to an award of attorney's fees is improper.") (citing *Hitchcock Props., Inc. v. Levering*, 776 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 595 (Tex. App.—Dallas 1988, writ denied)).

21

The Tummels' counterclaims sought the following declarations regarding jurisdiction: (1) that Roadrunner was doing business in Texas at the time of the First Garnishment Suit; and (2) that Roadrunner was properly served with process in the First Garnishment Suit. The counterclaims were expressly confined to jurisdiction and service and were nothing more than a mere denial of Roadrunner's claims based on lack of jurisdiction and service. They presented no new controversy for the trial court to consider because they had no greater ramifications than Roadrunner's original suit. *See Howell*, 899 S.W.2d at 706. Roadrunner need not have filed special exceptions, as the Tummels urge. *See Tex. Dept. of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974). We overrule the Tummels' fourth issue.

## V. THE TUMMELS' CLAIM FOR SANCTIONS

By a fifth issue, the Tummels challenge the trial court's denial of their request for sanctions against Roadrunner. They allege that contrary to Roadrunner's position: (1) Roadrunner was served with process in the Roadrunner Garnishment; and (2) Roadrunner was subject to the personal jurisdiction of Texas courts at the time of the First Garnishment Suit.

The Texas Rules of Civil Procedure and the Texas Civil Practices and Remedies Code specify that sanctions for groundless pleadings may be levied upon motion of a party or upon the court's own initiative. TEX. R. CIV. P. 13 (regarding sanctions for filing groundless pleadings and motions in bad faith or for purpose of harassment); TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(a), (b) (West, Westlaw through 2017 1st C.S.) (setting out that upon a party's motion for sanctions or upon the court's own initiative, the court

22

may award reasonable expenses and attorney's fees to the prevailing party and when no due diligence is shown, the court may award all costs for inconvenience, harassment, and out-of-pocket expenses to the prevailing party). The Tummels appear to be seeking sanctions against Roadrunner for filing groundless pleadings.[11] Roadrunner urges that the Tummels' request for sanctions was groundless.[12]

As to the Tummels' challenge that Roadrunner's lack-of-service pleading was groundless, the Tummels reiterate arguments regarding Milane's declaration and service of process. We have already discussed and resolved those matters against the Tummels. These same arguments provide no support for the Tummels' request for sanctions.

The Tummels also challenge Roadrunner's lack-of-jurisdiction pleading as groundless. But their argument related to this challenge only consists of (1) one

---

[11] Ordinarily, an issue raised for the first time in a reply brief is waived and need not be considered by an appellate court. *McAlester Fuel Co. v. Smith Int'l, Inc*., 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see* TEX. R. APP. P. 38.3; *State Office of Risk Mgmt. v. Pena*, ___ S.W.3d ___, ___, 2018 WL 655541, at *5 (Tex. App.—Corpus Christi 2018, no pet. h.) ("SORM's challenge to the exceptions to the dual-purpose exclusion are waived before us because they were first made in its reply brief."). However, because Roadrunner fully briefed the issue of the denial of the Tummels' counterclaim for sanctions in its appellate brief and the Tummels responded in their reply brief, that issue is properly before us. *See McAlester Fuel Co.*, 257 S.W.3d at 737.

[12] Roadrunner also argues that the Tummels should have filed a motion for sanctions, not a counterclaim. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(a), (b) (West, Westlaw through 2017 1st C.S.). The Tummels assert that their sanctions counterclaim was appropriate. *See Tanner v. Black*, 464 S.W.3d 23, 25–26 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (addressing a counterclaim for sanctions that alleged the lawsuit was "groundless and brought in bad faith or for the sole purpose of harassment" and requesting an award of attorney's fees based on her counterclaim for sanctions); *Leon Springs Gas Co. v. Restaurant Equip. Leasing Co.,* 961 S.W.2d 574, 578–79 (Tex. App.—San Antonio 1997, no pet.) (amending an answer to add a counterclaim for sanctions, pursuant to Texas Civil Practice and Remedies Code section 10.001 and rule 13 of the rules of civil procedure, against the plaintiff for filing a frivolous claim). Because this distinction is not dispositive, *see* TEX. R. APP. P. 47.1, we will assume that the Tummels' counterclaim for sanctions was properly before the trial court.

sentence in their reply brief that challenges Roadrunner's position that evidence of its job postings on its website is no evidence that it was doing business in Texas in 2014, and (2) their complaint that "Milane's 12-3-2015 declaration does not state that Roadrunner did not recruit Texas residents for employment in 2014, it states that Roadrunner 'does not employ or recruit' Texas residents for employment."   Without more, we conclude that the Tummels inadequately briefed this argument.   See TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We overrule the Tummels' fifth issue.

## VI.   MOTION FOR NEW TRIAL

By their sixth issue, the Tummels contend that the trial court abused its discretion when it denied their motion for new trial, as supplemented.   By the Tummels' motions they asserted that they had obtained evidence that was relevant to the issue of whether Roadrunner was served with process in the First Garnishment Suit.[13]   Because we overruled the first three issues on the basis that, even had Roadrunner been served with process, it nonetheless established the elements of its bill of review and the court did not

---

[13] The evidence attached to the Tummels' motion for new trial included Harold's affidavit to which was attached the affidavit of Sean Harris, records custodian for Time Warner Cable, Inc., with associated business records of Time Warner, and a page from Roadrunner's December 31, 2014 Form 10-K Report to the U.S. Securities and Exchange Commission.   Evidence attached to the Tummels' first supplemental motion included Harold's affidavit authenticating Roadrunner's responses to interrogatories propounded by the Tummels after the trial court granted summary judgment in favor of Roadrunner and which the Tummels claim are relevant to the issue of whether Roadrunner was served with process in the First Garnishment Suit.   Finally, evidence attached to the Tummels' second supplemental motion for new trial consisted of Harold's declaration, again addressing service of process.

24

err in granting summary judgment in its favor, we need not address this sixth issue as it is not dispositive of the appeal. *See* TEX. R. APP. P. 47.1.

## VII. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
29th day of March, 2018.